KATHERINE RALEIGH *p. a. vs.* WALTER F. FITZPATRICK, *C. T.*

FEBRUARY 10, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case which was tried to a jury in the superior court and resulted in a verdict for the plaintiff for $4000, the full amount allowed by the statute in a case of this kind. The defendant moved for a new trial on the grounds that the verdict was against the law, the evidence, the law and the evidence and the weight thereof, and also that the damages were excessive. The trial justice sustained the last ground and granted the motion, unless the plaintiff filed a remittitur of all damages over $2118, otherwise the motion was denied. The plaintiff filed such remittitur and thereupon the defendant excepted to the denial of his motion.

The defendant has duly prosecuted his bill of exceptions, including this and two other exceptions taken during the

trial, to this court. In his brief, however, he has expressly waived the other exceptions and is relying solely on his exception to the denial of his motion for a new trial.

The action was brought for personal injuries suffered by the plaintiff by reason of an alleged defect in the sidewalk of Ormsbee avenue, a public highway in the city of Providence. It appears from the evidence that the plaintiff, a young girl of seventeen years, while walking on the easterly sidewalk of said highway on November 27, 1932, about 10:30 o'clock in evening, tripped and fell into a manhole. The testimony of the plaintiff and her witnesses was to the effect that she had tripped over a break in the cement surface surrounding the rim of the manhole causing the cover over it to tip up so that her right leg sank to the crotch into the hole. She was accompanied at the time by a young man who was walking on her right. Walking a short distance behind her was a friend, who was also accompanied by a young man.

After the plaintiff had been assisted by her companions and taken by them to a nearby building, where they remained for about a half hour, until the plaintiff had recovered somewhat from her experience, all four of them returned to the manhole to examine it and to ascertain the condition of the sidewalk at that point. Each of them testified substantially to the same effect, that the cement around the rim of the manhole was in a broken condition and looked as though it had been chipped off for a distance of about seven or eight inches around the circumference, and to a depth of about one and one half to two and a half inches. One of these witnesses, Joseph R. McGarty, plaintiff's companion on that evening, testified that he had noticed the rim in that same condition on at least two other occasions in the preceding July as he walked through Ormsbee avenue on his way from his home to the downtown district of the city.

The defendant's witnesses, a police sergeant, an investigator for the city and one of the owners of the premises abut-

ting on the sidewalk at the point where the accident oc-
curred, testified that there was no defect in the sidewalk at
the place described by the plaintiff and her witnesses. The
witness who owned the abutting premises which were used
as a garage, and which had a driveway therefrom over the
sidewalk to the street, further testified that the cement
around the rim of the manhole was in good condition on the
night of the accident and had always been so since it was
put down about fifteen years previously. There was thus a
clear conflict of testimony on the existence of the described
defect at the time of the accident and also at any time pre-
vious thereto.

The trial justice, in deciding the motion for a new trial,
was thus confronted with a troublesome problem. It ap-
pears from the language of his decision that he felt unable
to solve it, and that he therefore declined to say definitely
that the verdict of the jury, at least as to liability, was con-
trary to the weight of the evidence or that it failed to do
substantial justice to the parties in the case. As he was, on
his view of the evidence, at most merely doubtful of the
correctness of the verdict, he accordingly denied the defend-
ant's motion for a new trial.

The defendant contends that a decision of this character
is not entitled, on review in this court, to the weight and
persuasive force to which it would be entitled if the trial
justice had performed his duty as it is set forth in *Wilcox* v.
*Rhode Island Co.*, 29 R. I. 292. He argues that in the instant
case, the trial justice clearly did not perform his duty in
accordance with the rule of the *Wilcox* case.

The defendant makes a further contention that the trial
justice gives, in his decision, every reason necessary for the
granting rather than the denial of its motion and therefore
that this court should treat such decision as actually dis-
approving the verdict of the jury rather than approving it.
In this connection he cites *Caldarone* v. *Caldarone*, 48 R. I.
163, and seems to argue that it presents a situation similar

to the instant case. We are of the opinion that it is clearly distinguishable from the instant case.

The *Caldarone* case resulted in a verdict for the plaintiff and a denial of defendant's motion for a new trial. But in that case the trial justice actually found that the verdict was not supported by the evidence. Nevertheless, he denied the defendant's motion because, he said, "if the issues were submitted to another jury, the result would be the same and the expense of trial entirely out of proportion to the value of the estate." This court rightly said that this was clearly a disapproval of the jury's verdict, based upon the trial justice's independent judgment and that he, therefore, erred in not granting a new trial as his reason for not doing so was not sound in law though, under the circumstances of the case, it might have been the exercise of excellent practical judgment.

The trial justice in the instant case certainly did nothing like what was done in the *Caldarone* case. Here the trial justice did, it is true, express some doubt of the credibility of the plaintiff, but he later acknowledged that this doubt was clarified by the testimony of corroborating witnesses. He also stated that he was somewhat puzzled as to whether the alleged defect existed, but he added that, in the state of the evidence, with four witnesses testifying that there was such a defect and three testifying that there was not, he was not prepared to say that the jury was in error in believing the testimony that the alleged defect existed. While this language hardly indicates affirmative approval of the verdict, neither does it constitute disapproval of it as in the *Caldarone* case. And most certainly this language does not show that the trial justice was convinced that the verdict of the jury was wrong. Rather it shows the state of doubt and perplexity in which his mind was left after his consideration of the defendant's motion.

In this connection it appears to the court that this case is more nearly akin to *Spiegel* v. *Grande,* 45 R. I. 437. The trial justice in that case said that he expected the jury to

bring in a different verdict, but that he had no such firm conviction of their error as to be willing to say that it was against the weight of the evidence. The defendant argued on appeal in this court that the trial justice had, in effect, disapproved the verdict but misconceived his powers and duty to set it aside. This court, however, took a contrary view, saying: "Although the language of the decision admits of that interpretation, we are of the opinion that it was not intended as a statement of restricted authority in the justice, generally, when acting upon motions for new trials, but merely that in the case before him he was in so much doubt as to what would be a just determination upon the questions of the credibility of the opposing witnesses, and of the weight of the evidence, that he did not feel justified in disturbing the conclusions of the jury."

In thus declining to assume that the justice had mistaken the law governing him in deciding a motion for a new trial, the court was merely reiterating what it had said in an earlier case. *Humes* v. *Schaller,* 39 R. I. 519. There, in a somewhat similar situation, the court declared it would not infer that the trial justice was not aware of the rule which required him to grant a new trial where his more comprehensive judgment taught him that the jury's verdict was wrong but would consider that in denying the motion in the language he used, he intended to imply that the evidence was so nearly balanced that different minds would naturally and fairly come to different conclusions thereon, and that, although his own judgment might incline him differently from the verdict of the jury, such verdict, on his view of the evidence, was conclusive upon him under the rule of the *Wilcox* case, as stated and reaffirmed in *McMahon* v. *Rhode Island Co.,* 32 R. I. 237 at page 242.

And so the court expressly held in the *Spiegel* case that a trial justice should not set a verdict aside upon mere doubt of its correctness. In the instant case we are of the opinion that the trial justice followed this rule and therefore did

not commit error in denying the defendant's motion for a new trial, as far as liability was concerned.

However, as he has not affirmatively approved the verdict, we have carefully considered the transcript to determine for ourselves whether or not the evidence very strongly preponderates against the verdict, in accordance with the rule which governs our consideration of the evidence when we are without the benefit of a definite finding of the trial justice, as here. *Spiegel* v. *Grande supra.* We are of the opinion, from our examination of the transcript, that the evidence in the instant case, at least as to liability, does not *very strongly* preponderate against the verdict, and therefore we will not disturb it.

The trial justice exercised his powers on the question of damages and substantially reduced them to $2118, which figure, he expressly said, represents compensation for the plaintiff's medical expenses of $118 and for the pain and suffering which she has undergone. Defendant contends that, notwithstanding this substantial reduction, the damages are still much beyond what is fairly compensatory and that therefore the trial justice erred in not further reducing them.

There is no question that the plaintiff suffered severely from the irregularity and delay in her menstrual periods, at least during the four months immediately following the accident, and that this delay and irregularity were reasonably attributable to the accident. The defendant appears to admit this in his brief or at least does not seriously question it. The trial justice apparently agreed with the jury that this suffering continued down to the date of the trial in the superior court, but he appears to differ with them as to the continued severity of such suffering. The defendant's contention probably may be fairly said to amount to this: that there is no definite proof of such continued suffering and that such part of the damages as may be apportioned to cover the alleged suffering of this later period is attributable

to sympathy for the defendant or is based upon mere conjecture.

There is some merit to this argument but we cannot agree with it to the extent contended for by the defendant. We are of the opinion that the evidence clearly shows some continued pain and suffering reasonably attributable to the accident down to the date of the trial, but clearly not of the same degree as the pain suffered earlier by the plaintiff.

The difficulty confronting us in attempting to reduce further the verdict of the jury to a figure we think would be more fairly considered just compensation to the plaintiff, arises from the fact that the trial justice in this instance has not neglected to perform his duty, but has obviously exercised his independent judgment and substantially reduced the damages awarded by the jury. Under such circumstances his decision must stand, unless it is clearly wrong. It is not enough for us to say that we would, if we were in his place, have reduced the damages still further.

After a careful consideration of all the testimony bearing on the plaintiff's injuries, we are unable to say wherein, if at all, the decision of the trial justice on the damages fails to do justice between the parties and, therefore, under the well-established rule in such a case, we find no error in such decision.

Defendant's exception is accordingly overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as reduced by the remittitur.

*Carroll & Dwyer, Edward F. J. Dwyer*, for plaintiff.

*Daniel E. Geary*, City Solicitor, *John T. Walsh*, Assistant City Solicitor, for defendant.