RUPERT BRADLEY *vs.* EDITH BATES BRAYTON.

JUNE 10, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. At the trial in the superior court of this action of trespass on the case for negligence, the jury returned a verdict for the plaintiff in the sum of $1500. The defendant thereupon filed a motion for a new trial which, after hearing, was granted by the trial justice unless the plaintiff should remit within a specified time all of the verdict in excess of $500. The plaintiff filed such remittitur. The defendant then prosecuted her bill of exceptions to this court. The only exception now pressed by the defendant is to the refusal of the trial justice to grant her an unconditional new trial.

The contention of the plaintiff, as set out in his declaration and supported by evidence introduced by him, in substance was that, at the defendant's request, he went on August 22, 1933, about 8:30 a. m. to certain premises owned by her but occupied by others, in order to assist in moving furniture and goods of the occupants, and that as he went up a short flight of three or four steps leading to the back door, one of the steps gave way, throwing him to the ground and causing the injuries complained of. He also contended that the defendant had notice of the dangerous and defective condition of the steps in question prior to his visit to the premises, but that she failed to warn him of such condition. The defendant, on the other hand, presented evidence tending to show that she did not request the plaintiff to go to the premises for the purpose or at the time claimed by him; that the steps in question were not defective; that the plaintiff was not at such premises at all on August 22, 1933, and that his case was without foundation in fact and was made up by the plaintiff with the assistance of the occupants of the premises.

The trial justice, in deciding the defendant's motion for a new trial, used language of an equivocal nature. He stated in substance that, based on his observation of the witnesses, their credibility and the weight he would give their testi-

mony, he would have had no hesitancy in finding for the defendant. However, he stated that the questions presented were disputed questions of fact for the jury to determine and that he was unable to say that the jury were wrong because they did not agree with him, but that it would be difficult to say that he approved the jury's finding as to liability. Finally, he used the following language: "While the Court does not agree with the finding of the verdict of the jury on the question of liability, the Court feels that it was such a question of fact that reasonable men might differ in their determination, and that the Court cannot say that the finding of the jury on the question of liability is clearly wrong." In so finding the trial justice did not apply the correct rule to be used by him in passing upon a motion for a new trial. It was his duty to determine whether or not, in his independent judgment, the verdict of the jury was supported by a fair preponderance of the evidence and did substantial justice between the parties. He was not obliged to find that the verdict was clearly wrong in order to set it aside.

The defendant argues that the trial justice plainly did not approve the verdict and, from the tenor of his statement, should have granted the defendant's motion for a new trial without condition, but failed to do so because of misconception as to his authority to set aside the jury's verdict. We are not able to follow the defendant's contention in this regard in its entirety. The trial justice did, as a matter of fact, permit the verdict of the jury on the issue of liability to stand, apparently on the ground that reasonable men might differ on the questions presented. We are of the opinion, however, that the trial justice has so expressed himself that his decision can not be given the weight ordinarily accorded to a decision expressly approving or disapproving a verdict.

Such being the case, it becomes necessary for us to examine independently the transcript of evidence without the assistance we ordinarily receive from the findings of the trial justice on a motion for a new trial. In so examining the

transcript, we apply the rule of a court of last resort; that is to say, we determine whether or not in our judgment the evidence submitted very strongly preponderates against the verdict. These matters, and the duties of a trial justice when passing upon a motion for a new trial, were thoroughly considered by this court in *Spiegel* v. *Grande,* 45 R. I. 437. See also *Buttera* v. *Rhode Island Co.,* 110 A. 71 (R. I.); *Humes* v. *Schaller,* 39 R. I. 519; *Willett* v. *Slocum,* 47 R. I. 136; *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180; *Raleigh* v. *Fitzpatrick, C. T.,* 60 R. I. 79, 197 A. 387. In the *Buttera* case the following holding was made: "As the verdicts come to this court without the approval of the trial justice, the law applying to such a state of facts is that, where the evidence as to the existence of the facts which are put in issue is conflicting, and of such a character that fair-minded men might honestly differ as to the result thereof, the verdict of the jury is final and conclusive. And this is so, even though the court or another jury might come to a different conclusion upon the same evidence."

In the present case we have carefully examined the evidence. The testimony of the witnesses on the main issues is sharply conflicting. There was ample evidence which, if believed, tended to support the plaintiff's contention that the steps were in bad condition and dangerous, and that the defendant had notice of that fact prior to the plaintiff's alleged fall. On the matter of being requested by the defendant to go upon the premises, the plaintiff had only his own testimony which was denied categorically by the testimony of the defendant and her son.

In support of her contention that the plaintiff was not on the premises August 22, 1933, the defendant, in addition to her own evidence and that of her son, produced several witnesses who testified in substance that they were on or near said premises on that day doing work for the defendant, and that the premises were then unoccupied and without furniture. Most of these witnesses testified from memory. How-

ever, one, an electrician, had in a book a memorandum of working on the premises on August 22 and 23, 1933. Another of these witnesses, however, testified in cross-examination that the occupants of the premises were there on the afternoon of August 21, 1933, while a third gave evidence that the morning she and others went to the premises to do work the sheriff had delivered keys to the defendant.

On the other hand, the plaintiff presented as witnesses two occupants of the premises who testified that they vacated the place either on August 22 or 23, 1933. One of these witnesses corroborated the plaintiff as to the latter's fall on the steps. The return of the deputy sheriff who had two executions to serve against these occupants, which executions ran in favor of the defendant in ejectment suits against them, read as follows: "Kent, sc. In Warwick in said County, I have this 23rd day of August A. D. 1933, caused the within named plaintiff to have possession of the within described premises, with the privileges and appurtenances thereunto belonging."

After careful consideration, and in view of the above state of the record, we are unable to say that the evidence in this case very strongly preponderates against the verdict on the question of the defendant's liability. The matter of damages in this case has not been seriously argued before us.

The defendant's exceptions are overruled, and the case is remitted to the superior court with direction to enter judgment for the plaintiff on the verdict as reduced by the remittitur.

*Carroll & Dwyer, Edward F. J. Dwyer,* for plaintiff.
*Patrick H. Quinn,* for defendant.