LESLIE TALBOT *vs.* ROBERT CLEMENT.
ELIZABETH W. TALBOT *vs.* SAME.

AUGUST 10, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   These are two actions of trespass on the case for negligence arising out of a rear-end collision between two automobiles.   They were tried together in the superior court, whereupon a jury rendered a verdict for the defendant in each case.   Thereafter the trial justice granted the plaintiffs' motions for new trials and the cases are here on defendant's exceptions to such decisions and to the denial of his motions for directed verdicts.

The plaintiff Leslie Talbot was the operator of an automobile owned by his wife Elizabeth W. Talbot, who is the plaintiff in the other case.   Unless otherwise stated our references to plaintiff will mean the husband, who is suing for personal injuries.   The plaintiff was driving his wife's automobile northerly on Broadway, a public highway in the city of Pawtucket, shortly after midnight on December 16, 1950.   He was following another car at a distance of some four or five car lengths.   About a block before reaching the intersection of Broadway and Carnation street the operator of the first car gave an arm signal and started to slow down, intending to stop at the intersection and to make a left turn across Broadway into Carnation street. The plaintiff slowed down correspondingly, giving a similar arm signal to defendant, who was driving in the same direction somewhere behind plaintiff's car.   The plaintiff testified that he had gradually slowed down and came to a complete stop behind the first car and remained in that position for ten or fifteen seconds before defendant drove his automobile into the rear end of plaintiff's car forcing it against the first car.   The jolt caused plaintiff's neck to snap back and resulted in other personal injuries to him as well as damage to the car.

The defendant on the other hand testified substantially

that for several city blocks he had been following plaintiff's car at a distance of about 50 feet; that he was traveling at the rate of 23 to 25 miles per hour; that although he was looking forward and plaintiff's car was within his range of vision, he saw no arm or other signal by plaintiff as to slowing or stopping; that he did not realize plaintiff had stopped until he was only 20 feet away, whereupon he immediately attempted to put on his brake for the first time; that his foot slipped off the pedal; and that his car was only three feet to the rear of plaintiff's automobile by the time he was able to get his foot back on the brake to stop.

Other testimony and evidence was introduced relating to incidents affecting defendant's liability, plaintiff's contributory negligence, and the credibility of the parties, who were the only witnesses to the accident. In view of our conclusion the above outline, though general, is sufficient to understand the contentions of the parties.

The jury after receiving a charge from the court, to which no exception was taken, returned a verdict for defendant in each case. The trial justice, however, in granting plaintiff's motion for a new trial expressed the view that the jury did not properly evaluate and duly weigh the preponderance of the testimony and its credibility in arriving at their verdict. According to his consideration of the evidence, it did not prove contributory negligence on the part of plaintiff and the verdict did not do substantial justice between the parties. In the exercise of his independent judgment he therefore granted the motion for a new trial in each case.

The defendant first urges that there was no evidence to support a conclusion that he was negligent and therefore that his motion for a directed verdict in each case should have been granted. In our judgment, apart from the credibility of the witnesses and the weight of the testimony, there was conflicting evidence as to certain material issues which required determination by the jury. From our ex-

amination of the transcript we cannot say that the only reasonable conclusion from all the evidence, when viewed most favorably to plaintiff as must be done on defendant's motion, is that defendant was not guilty of any negligence or that plaintiff was contributorily negligent as a matter of law. This exception is therefore overruled.

The defendant further contends in substance that in granting plaintiff's motion for a new trial the trial justice misconceived material evidence and that he applied a different rule of law from that which he gave in his charge to the jury. From such premise he argues that the decision should not be given the usual weight; that in the circumstances under the appellate rule this court should make an independent review of the evidence; and that we should not set aside the verdict unless it is contrary to the great weight of the evidence, which he claims is not the case. See *Bradley* v. *Brayton*, 61 R. I. 44; *Audette* v. *New England Transportation Co.*, 71 R. I. 420, 428.

In our opinion a close reading of the trial justice's decision granting plaintiff's motion for a new trial indicates that he did not misconceive the evidence as to defendant's negligence or plaintiff's contributory negligence. The defendant testified that he was looking and did not see any arm or other signal by plaintiff. From this fact he concludes that no signal was given and invokes plaintiff's alleged violation of the statute, public laws 1950, chapter 2595, article XXVII, secs. 4 (c) and 5, as evidence of his contributory negligence. In this connection, however, plaintiff positively testified that both he and the operator of the first car gave arm signals of their intention to slow down and stop. The plaintiff under similar conditions had seen the signal from the driver of the first car and operated his automobile accordingly. Apparently the trial justice did not misconceive the evidence in this respect but believed plaintiff's version instead of defendant's testimony.

The defendant admits that plaintiff's automobile had completely stopped and that defendant first applied his

brake when his car was only 20 feet away. The trial justice apparently found that if defendant was traveling 50 feet in the rear of plaintiff just before that time, with headlights on, and was looking directly forward, as he testified, it was difficult to explain, except by momentary negligent inattention, why defendant should not have seen such signals from plaintiff and the operator of the first car, and in any event why he should not have seen plaintiff's automobile as it was slowing down before it completely stopped. If this were found to be the case, it would be a reasonable conclusion that any emergency caused by defendant's foot slipping from the brake was attributable not to plaintiff but to defendant's own failure through inattention to start applying the brake sooner.

At any rate defendant himself testified that he did not notice any change in speed until plaintiff's car had completely stopped. In other words, between the time when defendant was 50 feet in the rear of plaintiff's car and the time when he was only 20 feet in back of said car, which then had completely stopped, defendant though looking forward did nothing to slow or control his automobile and did not account for such failure. From this the trial justice in his decision apparently took and expressed the view that defendant either was not keeping a reasonable lookout or did not have and exercise the control of his car which would be expected of an ordinary prudent person if he were approaching an intersection in the existing circumstances.

Further, in his decision the trial justice refused to give to a statement appearing on a hospital record the same weight which apparently the defendant attaches to it. Such entry indicated plaintiff had stated to the hospital attendant that he stopped *suddenly* and was hit, whereas he testified to a gradual slowing down before he stopped and was later hit. The statement was not sworn to and the testimony of plaintiff at the trial was under oath. Certainly this conflict was a fact to be considered by the trial justice and he did not overlook it. But apparently he came to his

final conclusion after considering all the testimony which he believed to be more credible. From the transcript as a whole we cannot say that he misconceived or overlooked material evidence. It is a well-established rule that on a motion for a new trial the trial justice should examine the evidence independently, and if in his considered judgment the verdict is contrary to a fair preponderance thereof and fails to do justice between the parties it is his duty to set the verdict aside. *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180; *Anderson* v. *Johnson,* 59 R. I. 241. Apparently the trial justice performed that duty and on the conflicting evidence we cannot say that his decision was clearly wrong.

The defendant further argues that the trial justice in passing on this motion applied a different rule of law from the one which he gave to the jury. In our view, however, the context is not clearly open to only that interpretation. In the light of the charge as given, it seems to us that he did not apply a different rule of law as argued by defendant. From the whole decision it is a fair inference that he took the view that when once a rear-end collision has been established it is prima facie evidence of negligence on the part of the defendant; that the defendant thereupon is obliged to go forward with the evidence to explain away the implication of negligence following such a rear-end collision, but the burden of proof in the case is still on plaintiff; and that in the instant case on all the credible evidence plaintiff had established that he had given timely signal before he stopped; that defendant was guilty of some inattention between the time he was 50 feet away and the time when he saw plaintiff's car completely stopped and first tried to apply his brake; and that as he approached the intersection he did not have such control of his car as a reasonably prudent person would be expected to have in the existing circumstances. That is the substance of the law that he gave to the jury, and in denying defendant's motion for a new trial we cannot say that he clearly applied a

different rule of law. Nor does it appear that he misconceived or overlooked the evidence in a material respect so as to require a reversal of his decision.

All of the defendant's exceptions in each case are overruled, and each case is remitted to the superior court for a new trial.

*Crowe & Hetherington,* for plaintiffs.

*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant.