ANNA RICH *vs.* HAROLD RICH.

APRIL 4, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J. This action of trespass on the case for negligence was brought to recover damages for personal injury alleged to have been sustained by the plaintiff when an automobile in which she was riding, owned and operated by her son, was in collision with another automobile. The plaintiff sued both her son and the operator of the second car, and the cases were consolidated and tried to a jury in the superior court. In each case the jury returned a verdict for the defendant. Thereafter the trial justice granted the plaintiff's motion in each case for a new trial, to which decision the defendant in the instant case has prosecuted his exception to this court.

It is not disputed that shortly after noon on February 14, 1956 plaintiff was a passenger in an automobile owned by her son, hereinafter referred to as the defendant, in which he was backing out of his driveway at their home into the highway. According to defendant's testimony, as he started to back out of his driveway, he observed the other vehicle involved in the collision, being operated by Louis Swartz, Jr., also backing out of a driveway across the street. The defendant's testimony is not clear as to whether he had stopped his car or was still backing up very slowly when the collision occurred. However, he seems to be definite that Swartz's car continued across the street and struck his car when the rear bumper of his car was approxi-

mately at a point where the Rich property line abuts the street. The defendant further stated that after the collision he permitted his car to roll down the inclined part of the driveway and come to a stop with its rear wheels in the gutter.

The testimony of Swartz concerning the collision is in conflict with that of defendant. He testified that when he started to back out of his driveway, he observed defendant's car standing in defendant's driveway and that he then continued to back out of his driveway into the street at a rate of five miles an hour. He testified that when the rear end of his car was about three quarters of the way across the street, it struck defendant's car, the latter car also being in motion with its bumper projecting about three feet into the street.

The cases were consolidated by the trial court, which has inherent power to use its discretion in this matter. Such procedure is permitted in this state to avoid unnecessary delay and expense in the administration of justice. *Giguere v. Yellow Cab Co.*, 59 R. I. 248. However, the causes of action in each case remain distinct throughout the trial *with every legal right preserved to the respective parties as fully as if the cases were to be tried separately. Giguere v. Yellow Cab Co., supra.* Accordingly, it was the trial justice's duty to exercise his power independently when his superior and more comprehensive judgment indicated to him that the verdicts of the jury failed to administer substantial justice to the parties in the cases and when it appeared that the jury had from any cause failed to respond directly to the real merits of the controversy. *Wilcox v. Rhode Island Co.*, 29 R. I. 292.

In the circumstances here, however, it was the duty of the trial justice in an exercise of his independent judgment to pass upon the weight of the evidence and the credibility of the witnesses with respect to the verdict in each case and to determine therefrom whether either verdict was

contrary to the evidence and the weight thereof. It appears from the decision, however, that the trial justice did not pass upon the weight of the evidence and the effect thereof on the validity of each verdict separately but, concluding that the evidence was contrary to the verdicts returned, he declined to pass upon the validity of the verdict for this defendant.

The significant portion of the trial justice's decision reads as follows: "* * * and it is uncontradicted that *both* drivers were going out of their driveways backwards; and it is uncontradicted that there was a collision between the rear ends of the two cars * * *. It is rather inconceivable to the Court that this accident happened without being the result of the negligence of one or *both* drivers. * * * my own notes indicate that Mr. Swartz testified that he did not look again after he left his property, which would mean that he was moving his automobile in one direction while he was looking in another direction, and going from a place of safety, from his own property, out on to a public highway. * * * It would appear to the Court, that the jurors just couldn't make up their minds as to *which of the two defendants* were negligent, or if *both* were negligent, and because of the hour, instead of continuing to deliberate as they should have, decided to inform the Court at about 5:20 [they began deliberation at 2:25] that they were ready to bring in a verdict. I feel that under the circumstances here, that the jury just failed to perform their duty properly, because in reviewing all of the testimony, I feel that the verdict is certainly against the evidence and I don't think that it is up to the Court to determine at this time that the verdict should have been against one defendant or the other." (italics ours)

It is clear from the language used by the trial justice that in reaching his decision he did not comply with our well-settled requirement that on a motion for a new trial the trial justice, in an exercise of his independent judgment,

pass upon the weight of the evidence and the credibility of the witnesses and determine therefrom whether the verdict is contrary to the evidence and the weight thereof. For that reason his decision granting a new trial to the plaintiff cannot be given the weight usually given such decisions. *Mahoney* v. *Smith*, 78 R. I. 56. In such circumstances, not having the benefit of the considered opinion of the trial justice on the weight of the evidence, this court will examine the transcript and the record to determine therefrom whether the evidence strongly preponderates against the verdict. *Daniels* v. *Yanyar*, 80 R. I. 204; *Bradley* v. *Brayton*, 61 R. I. 44.

The evidence in this case is in substantial conflict. This is particularly true with respect to the evidence concerning the point of impact between the vehicles. The defendant testified that the Swartz car struck his car at a point where his driveway is intersected by his property line. He further testified that after the collision he permitted his car to roll down the incline at the entrance of his driveway and come to rest with its rear wheels in the gutter. The testimony of Swartz was to the contrary, placing the point of impact between the vehicles in the street. We attach considerable significance, however, to the testimony of the plaintiff on this issue. She testified that the collision occurred almost immediately after she had entered the defendant's car. This testimony, in our opinion, corroborates that of the defendant concerning the occurrence of the collision in the entrance of his driveway. Considering the probative effect of this corroboration on the part of the plaintiff and the state of the evidence in general, it is our opinion that the jury were warranted in finding that the defendant in this case was in the exercise of due care at the time under consideration and that the evidence tends to support the verdict of the jury.

The defendant's exception is sustained, and the case is remitted to the superior court for entry of judgment on the verdict.

*Jacob J. Alprin, John A. Mutter,* for plaintiff.

*Francis V. Reynolds, Richard P. McMahon,* for defendant.