REGINA TENCZAR *vs.* IDEAL CONSTRUCTION CO. OF WOONSOCKET, INC.

APRIL 26, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of trespass on the case for negligence brought to recover damages for personal injuries allegedly suffered on May 26, 1956. The case was tried to a jury in the superior court and resulted in a verdict for the defendant. The plaintiff's motion for a new trial was denied and the case is before us on the plaintiff's exception to a portion of the charge to the jury and to the denial of her motion for a new trial.

From the declaration it appears that plaintiff was the manager of a photographer's studio known as Corinne Studios which was located on the second and third stories of a building at 52 Main Street in the city of Woonsocket; that for approximately two months prior to May 26 defendant under an agreement with the owner had been renovating and remodeling the building; and that plaintiff in the course of her employment was required to travel to and from the several rooms on the second and third floors. It also appears that a few days prior to May 26 defendant had ripped out a plaster and wooden wall partition and had placed parts of it studded with nails on the floor of one of the rooms of the Corinne Studios on the third floor; that plaintiff, in the course of her employment, stepped on a rusty nail protruding from one of the boards; and that she was gravely injured as a result thereof.

The plaintiff's husband was the owner of the studio and the business appears to have been done very largely by plaintiff. The building had been undergoing extensive repairs and alterations for several weeks. The fourth floor

was to be removed and the front of the building was to be radically changed in appearance. On the date of the accident the windows and window frames in the front of the building on the third floor had been removed and the openings boarded up. On the morning of the accident the rooms in the front of the building on the third floor were more or less in darkness but in the entry or passageway in front of the room where the accident occurred there was an electric floor lamp which could be turned on.

The plaintiff testified that she had been working with a Mr. Sherman who questioned her on a certain item the location of which she knew, "* * * and as I started to go into the room I turned the light on, and as I started I stepped right on that piece of debris that was near to the door." She further stated that she had not gotten into the room when she stepped on the nail; that it was near the threshold at the entrance going in; and that she flicked the floor lamp on to go into the rooms but stepped on the nail before getting that far. Mr. Sherman who was on the floor talking with Mr. Tenczar went with him to plaintiff when she screamed. He stated that she was in the room three or four feet to the left of the doorway leaning against the wall.

Mrs. Tenczar was taken to the Woonsocket Hospital but returned to the studio later in the afternoon and afterward spent some days in a hospital under treatment.

The plaintiff's first exception is to a portion of the trial justice's charge to the jury. It appears that after the jury had retired they returned and asked for instructions on the following question: "If the jury finds that defendant is more negligent than plaintiff, is the verdict for the plaintiff?" To this the court replied: "If you remember, in my charge I said that the plaintiff must prove by a fair preponderance of the testimony that she is free and clear of all contributory negligence. In Rhode Island we do not have degrees of negligence. In order to recover she must be free and clear of all contributory negligence; any negli-

314

gence whatsoever, any degree of it, she cannot recover. That is the law in Rhode Island."

The plaintiff argues that the very nature of this supplemental instruction was such as would unduly emphasize plaintiff's duty or burden to prove her own due care. The jury was in doubt and requested an instruction which the trial justice gave. It may have emphasized that phase of the case but, if so, it could not be avoided. The jury sought instruction on a specific point and the trial justice answered as he was required to do. Again plaintiff refers to the words, "any negligence whatsoever, any degree of it, she cannot recover." We are of the opinion that when the supplemental charge is read in its entirety it is clear that the trial justice, when he used the word "negligence," was referring to contributory negligence, a term which he had already explained in his main charge. This exception is overruled.

The plaintiff's second exception is to the denial of her motion for a new trial. She contends that the verdict is against the evidence and the weight thereof, and in her brief states, referring to the trial justice, "he is required to examine the evidence independently and, if in his considered judgment the verdict is contrary to a fair preponderance thereof and failed to do justice between the parties, it is his duty to set the verdict aside. *Talbot* v. *Clement,* 98 A.2d 924, 81 R. I. 79."

We are wholly in agreement with that statement of the duty of a trial justice. In this case the jury rendered its verdict on April 23, 1958. The motion for new trial was heard on January 13, 1959 and decision given denying it on January 19, 1959. From the language of the decision it appears that the trial justice had taken notes of the testimony during the trial and had reviewed them prior to giving his decision. The question of defendant's negligence he thought was so clear as not to require any consideration and that the only real question was contributory negligence, or in other words the negligence of plaintiff herself. The

case took seven days to try and the testimony was voluminous.

The plaintiff contends that the trial justice did not elaborate sufficiently on the reason for his decision and cites the case of *Baker* v. *Kinnecom*, 68 R. I. 453, wherein this court had occasion to consider the duty of a trial justice in passing upon the evidence on a motion for new trial.

He also quotes from *Chase* v. *Goyette*, 85 R. I. 469, at page 473, where the court states:

> "A trial justice when passing on a motion for a new trial should state the reasons for his decision. In doing so, however, he has a wide latitude with respect to the form in which he shall state these reasons and in the ordinary case he is not required to set them out at length in express terms. If it is not pointed out that he either overlooked or misconceived any material evidence, *Sharp* v. *Rhode Island Hospital Trust Co.*, 68 R. I. 248, 255, and if we can reasonably infer from the language he used that he passed upon the weight of the evidence and the credibility of the witnesses in reaching a conclusion as to the validity of the verdict, we will give his decision great weight. *Smith* v. *United Electric Rys.*, 70 R. I. 377."

We have read the transcript and the decision of the trial justice on the plaintiff's motion for new trial. As he points out therein, the only real question was that of contributory negligence. That he properly left to the jury for its decision. After careful consideration we are of the opinion that while the decision was short it was not inadequate, since the sole question was whether the plaintiff had used the care which an ordinarily prudent woman would have used in like circumstances.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Curran & Friedman, Charles A. Curran, Harold I. Kessler,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan,* for defendant.