238 A.2d 747.

GAETANO P. SCLAMA *vs.* ALBERT V. MALO.

BENEDETTO PAZIENZA *vs.* ALBERT V. MALO.

BENEDETTO PAZIENZA *vs.* JOYCE ELAINE MALO.

GAETANO P. SCLAMA *vs.* JOYCE ELAINE MALO.

MARCH 6, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These four civil actions for negligence were consolidated for trial before a superior court justice sitting with a jury which returned verdicts for the defendants in all cases. After the entry of judgments in accordance with

the verdicts, only the plaintiff Pazienza seasonably filed motions for new trials on the usual grounds. They were granted by the trial justice who found that the verdicts failed to do substantial justice between the parties. From his order granting new trials in those cases, the defendants seasonably appealed to this court.

Shortly after midnight on the morning of November 11, 1962, Benedetto Pazienza, hereinafter referred to as plaintiff, was a passenger in a station wagon traveling southerly along Elmwood avenue in the city of Cranston, a public highway which runs through said city in a generally north and south direction. It is a four-lane highway, divided into two lanes for traffic traveling in each direction. The station wagon was in the second lane provided for southbound traffic.

Directly behind the station wagon, also traveling southerly but in the first lane, was a car owned by Albert V. Malo and being operated by his daughter, hereinafter called Joyce. Both vehicles were traveling at about the same speed, 25 to 30 miles per hour. The vehicles were two car lengths apart when the operator of the station wagon decelerated his speed by applying his brakes, and observing this, defendant did likewise. This happened at a point approximately opposite a restaurant on the westerly side of Elmwood avenue, which restaurant was the intended destination of both plaintiff and the operator of the station wagon in which the former was a passenger. When abreast of said restaurant, the operator of the station wagon made a right-hand turn, intending to cross the first lane in which Joyce was operating and enter the parking lot of the restaurant. As the station wagon turned and entered the right-hand lane, it was struck by the car which Joyce was operating.

There is no sufficient dispute regarding any of the facts as thus recited. However, the testimony is in sharp con-

flict as to whether the operator of the station wagon signaled his intention to make a right-hand turn. He testified that a right-hand signal was given and this testimony was corroborated by plaintiff. Joyce on the other hand, corroborated by her sister who was riding with her, categorically denied that such was the case. Some slight corroboration of Joyce's testimony and that of her sister was offered by a pedestrian witness, but a Cranston police officer testified that shortly after the accident Joyce told him that she saw the operator of the station wagon give a signal and thought that he would make a left-hand turn. This testimony became qualified by the police officer's subsequent admission that he could be wrong.

In any event, the trial justice charged the jury that for plaintiff to recover he must prove by a fair preponderance of the evidence that Joyce was negligent; that this negligence was the proximate cause of the accident; and that plaintiff was himself in the exercise of due care. On this latter point he also instructed the jury that the negligence of the station wagon operator could not be imputed to plaintiff and, in effect, instructed them that there was no evidence of plaintiff's contributory negligence. In the view we take of the cases, however, the correctness of this latter instruction is not in issue.

Further, the trial justice instructed the jury that there were certain rules of the road which should be taken into consideration in weighing the evidence bearing on the issue of Joyce's negligence. Since our decision turns on the failure of the trial justice to give this court the benefit of his findings in the exercise of his independent judgment, the nature of which is exhaustively reviewed in *Barbato* v. *Epstein*, 97 R. I. 191, 196 A.2d 836 (1964), a consideration of his instructions regarding the applicable rules of the road is unnecessary even though the applicability of one such rule was properly raised for our determination.

In granting plaintiff's motion, the trial justice expressed the opinion that the jury must have either disregarded or misunderstood his instruction that the station wagon operator's negligence could not be imputed to plaintiff. Even if this were so, although there is no evidence that the jury should be so faulted, the trial justice was not warranted in setting the jury verdicts aside solely on this ground for the obvious reason that it would not be dispositive of plaintiff's burden to prove Joyce's negligence.

With regard to this issue, the trial justice justified his decision to grant new trials by observing, "Based upon the evidence in the case, the Court is of the opinion that *both* operators (Sclama and Miss Malo) were negligent. Miss Malo was negligent either in attempting to pass the Sclama vehicle on the right and/or in failing to keep a proper distance between her car and the station wagon ahead of her."

It is defendants' contention that this is a conclusion which is nothing more than a substitution of the trial justice's judgment for that of the jury, based on conflicting evidence which was not independently passed on for credibility and weight. They urge that, this being so, his decision is not entitled to the persuasive force that it would be otherwise accorded, citing *Meehan* v. *Petroleum Heat & Power Co.*, 76 R. I. 178, 68 A.2d 77 (1949), and *Anderson* v. *Johnson*, 59 R. I. 241, 195 Atl. 240 (1937).

In relying on the cited cases, it is defendants' position that this court should set aside the trial justice's decision on the new trial motions and permit the jury's verdicts to stand, unless from our independent examination of the record we find that the evidence strongly preponderates against the verdicts. The trial justice's rescript does not demonstrate that in the exercise of his independent judgment he passed on credibility and weighed the evidence as required; hence, we think defendants' position to be well taken. *Rich* v. *Rich,* 94 R. I. 220, 179 A.2d 498 (1962).

Independently examining the transcript then, we find that on the issue of Joyce's negligence, which plaintiff had the burden of proving by a fair preponderance of the evidence, the jury would have been amply justified in accepting Joyce's testimony and that of her sister, that driving in the right lane at the same reasonable rate of speed as was the operator of the station wagon, she observed him begin to apply his brakes and she did likewise, but did not come to a full stop because she had no reason to expect that the operator of the station wagon would make a sudden right-hand turn into her lane of traffic. When two cars are traveling in the same direction but in separate parallel lanes provided for that direction, each operator has a clear duty to keep his respective motor vehicle under such control as would be consistent with safe driving under such circumstances. But experience teaches that even in the exercise of due care under such conditions, collisions have been known to occur because one of two such operators made a turn so abruptly into the path of the other as to give that other, however carefully operating, no reasonable opportunity to avoid colliding.

Joyce's testimony was that such was the situation with which she was confronted and for which the plaintiff sues. The jury had a right to believe her testimony and the trial justice does not tell us that in his judgment she was not worthy of belief. Nothing appearing in the record which strongly preponderates against verdicts predicated on a finding that the jury had a right to make, nor anything appearing which suggests that the verdicts were influenced by passion or prejudice, we hold that it was error to disturb them and we correspondingly direct their reinstatement. *Hovas* v. *Cirigliano*, 70 R. I. 227, 38 A.2d 298 (1944).

In each case the appeal is sustained, and the order appealed from is reversed.

*Anthony B. Sciarretta, Gordon C. Mulligan,* for plaintiffs.

*Thomas E. F. Carroll,* for defendants.