298 A.2d 524.

PETER LEKOS *et al.* vs. WHITEHALL TAXICAB COMPANY *et. al.*

DECEMBER 29, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action was brought in the Superior Court by Peter and Eugenia Lekos, husband and wife, and by their minor son, Andrew, who sues in his father's name. They seek recovery for property damage, personal injuries and consequential damages allegedly sustained when Eugenia's motor vehicle, which was being operated by Peter and in which Andrew was a passenger, collided with a taxicab owned by the defendant, Whitehall Taxicab Company, and operated by the other defendant, Julio E. Ziroli. Both defendants, in order to protect against possible recovery by either Eugenia or Andrew, or both, counterclaimed against Peter for contribution. The jury returned verdicts for each defendant on the original claims, and the trial justice directed verdicts for the plaintiffs on the counterclaims.

Following denial of their motion for a new trial, the plaintiffs appealed, and the defendants thereupon filed notice of a cross appeal.

The only errors assigned by plaintiffs concern a portion of the trial justice's charge to the jury and his refusal to instruct as they requested. We refer only to so much of the evidence as provides a frame of reference for those exceptions.

The collision occurred on Dorrance Street in Providence in front of the Biltmore Hotel at about 6:30 in the evening on January 12, 1967. The weather was cold, the street icy and slippery. The plaintiffs' testimony was that the Lekos' vehicle was proceeding at a speed of five-to-ten miles per hour in the center lane of three travel lanes in front of the hotel when it was suddenly struck in the rear by defendants' taxicab which was following and traveling in the same direction.

The defendants disagree in some particulars. They say that both vehicles stopped on Dorrance Street when the controlling traffic light turned red. The taxicab, equipped with snow tires, was in the middle lane; the Lekos' vehicle was in the left lane about a car length ahead. When the traffic light changed to green, both vehicles started into motion. As they did, the Lekos' vehicle, still about one car length ahead and until then always in the left lane, skidded to the right, its rear coming into the center lane. The defendant-operator was then traveling at a speed of five-to-ten miles per hour. A line of vehicles in the right lane prevented a turn in that direction as a means of avoiding collision, and a turn to the left would only have ensured contact with the Lekos' vehicle. Faced with this situation, the taxicab operator applied his brakes. Instead of stopping, the taxicab slid straight ahead on the slippery pavement, and after slowing to about three miles per hour collided with the Lekos' vehicle.

The trial justice directed the jury to find for plaintiffs if they determined that Peter "* * * was operating his car in front of the taxicab and that the taxicab 'rear ended' the vehicle"; and for defendants if they found "* * * that the Lekos vehicle was traveling in a different lane than the taxicab and that the Lekos vehicle went into a skid and skidded into the path of the taxicab * * *." In effect he charged that whether defendants were or were not guilty of negligence was a question of law the resolution of which depended solely on whether the jury accepted plaintiffs' or defendants' explanation of how the collision took place.

While plaintiffs do not directly challenge the foregoing portions of the charge, they fault the trial justice for not also instructing, conformably with their requests, that defendant-operator of the following taxicab was dutybound (a) to control the movement of his own vehicle, and to maintain a distance between it and the preceding vehicle sufficient to enable him to avoid a collision; and (b) to keep a proper lookout and to operate and control the taxicab in the same manner as would be expected of an ordinary prudent person in the same or similar circumstances.

The defendants at least impliedly concede that plaintiffs' requested instructions correctly reflect what is the law of this state.[1] They nonetheless justify the trial justice's refusal to instruct to that effect by arguing, in substance, that acceptance of their version of the collision created a factual context which could logically yield only the conclusion that an ordinarily prudent man in the unforeseeable and unusual situation in which defendant-taxicab operator found himself could not reasonably have been expected to act other than as he did. That being so, they conclude that plaintiffs' proposals, being neither pertinent nor responsive to

---

[1]This concession is compelled by *Rivard* v. *Plante*, 80 R. I. 312, 320, 96 A.2d 644, 647-48 (1953); *Riccio* v. *Ginsberg*, 49 R. I. 32, 35, 139 A. 652, 654 (1927).

the evidence and issues in the case, were not required to be given. *Anter* v. *Ambeault,* 104 R. I. 496, 500, 245 A.2d 137, 139 (1968); *Carpenter* v. *United Electric Rys.,* 81 R. I. 196, 100 A:2d 850 (1953).

The position that defendant-operator did all that could reasonably be expected of him in these peculiar circumstances finds support in *Sclama* v. *Malo,* 103 R. I. 530, 238 A.2d 747 (1968). There, two vehicles were traveling at about the same speed and in the same direction on a four-lane highway when suddenly, without advance warning, one operator made a righthand turn in front of the other with the intention of crossing the lane in which the following vehicle was operating in order to enter a restaurant parking lot. Addressing ourselves solely to the question of whether the operator of the following car was negligent, we said:

> "When two cars are traveling in the same direction but in separate parallel lanes provided for that direction, each operator has a clear duty to keep his respective motor vehicle under such control as would be consistent with safe driving under such circumstances. But experience teaches that even in the exercise of due care under such conditions, collisions have been known to occur because one of two such operators made a turn so abruptly into the path of the other as to give that other, however carefully operating, no reasonable opportunity to avoid colliding." *Id.* at 534, 238 A.2d at 750.

Here, as in *Sclama,* defendant-taxicab operator, however carefully operating, had no reasonable opportunity to avoid the collision. That being so, it was not error for the trial justice to refuse to instruct as requested by plaintiffs.

The jury's finding that defendants were not negligent dispenses with any need for discussion of plaintiffs' other contention that the charge given ignored the principle that an operator's negligence is not imputed to his passenger.

The plaintiffs' appeal is denied and dismissed, the defend-

ants' cross appeal is denied and dismissed pro forma, and the judgments appealed from are affirmed.

*Anthony B. Sciarretta, Joseph J. McGair,* for plaintiffs.

*Charles J. McGovern,* for defendants.