ALLEN T. JOHNSON *vs.* WILLIAM DONALDSON.

A mortgagor's grantee of the equity of redemption, entering before sale under the mortgage and in possession, is after sale under the mortgage a tenant by sufferance.

Such a tenant is, under Pub. Stat. R. I. cap. 232, § 1, entitled to a notice to quit before being subjected to an action of ejectment.

In Pub. Stat. R. I. cap. 232, § 1, the words "tenants . . . at sufferance" have their technical meaning.

EXCEPTIONS to a Special Court of Common Pleas.

*July* 12, 1890. DURFEE, C. J. This is trespass and ejectment for the recovery of a house and lot in the city of Providence. The action was begun and tried originally in a Special Court of Common Pleas, and is before us on exceptions to a ruling by said court. It appears from the bill of exceptions that the plaintiff formerly, being then the legal owner in fee of said house and lot, mortgaged them to the Mechanics' Savings Bank as security for $5,000 lent; that he afterwards sold and conveyed them to the defendant subject to the mortgage; and that subsequently, the condition of the mortgage being broken, the bank sold and conveyed them to the plaintiff under a power of sale in the mortgage. After the sale the bank notified the defendant in writing that the sale had taken place, and that the plaintiff desired possession, but, the defendant continuing to hold possession, the plaintiff commenced this suit without any further notice to quit. The defendant in the court below contended that he was entitled to notice to quit before suit, and that the notice from the bank was not such notice. The court ruled that he was not so entitled, and gave judgment for the plaintiff.

The defendant contends that after sale by the bank he was a tenant at sufferance, entitled to notice to quit under Pub. Stat. R. I. cap. 232, § 1, as follows, to wit: "Tenants of land or tenements at will or by sufferance shall quit upon notice in writing from the lessor or owner at the day named therein." Under this section the defendant was entitled to notice as there prescribed, if he was tenant by sufferance. It was not necessary that the premises should have been let to him. To hold so would be to add a qualification which there is nothing to warrant. "A tenant by sufferance is one that comes into the possession of land by lawful title,

but holdeth over by wrong after the determination of his interest:" provided, however, that he does not come in by act of law; for if he comes in by act of law and then holds over, he is regarded as an intruder, abator, or trespasser.    4 Kent Comment. *116, *117. The defendant is clearly within this definition and not within the exception, for he came in as grantee of the equity of redemption by deed from the mortgagor, who is the plaintiff himself.    In *Kinsley* v. *Ames*, 2 Metc. 29, it was held that a mortgagor in possession, after sale in pursuance of a power in the mortgage, is a tenant by sufferance.    It seems to us that it follows that a mortgagor's grantee of the equity of redemption in possession is likewise a tenant by sufferance, if as such grantee he enters before the mortgagee's sale ; or that in this case, at any rate, he is so, inasmuch as he entered under a deed from the plaintiff himself.

We are aware that there are cases in New York that refuse to give to the words "tenant at sufferance," used in a New York statute similar to ours, their strict technical meaning, and hold that a person who, having come in by right, holds over after the expiration of his estate, is not a tenant at sufferance, so as to be entitled to notice to quit under said New York statute, until he has held over so long or under such circumstances as evince assent thereto on the owner's part.    *Rowan* v. *Lytle*, 11 Wend. 616 ; *Smith* v. *Littlefield*, 51 N. Y. 539 ; *Livingston* v. *Tanner*, 14 N. Y. 64.    The trouble with these cases is, that they ignore the difference between a tenancy by sufferance and a tenancy at will, since a person who so occupies with the owner's assent is technically a tenant at will. See, also, *Moore* v. *Morrow*, 28 Cal. 551, 554 ; *Allen* v. *Carpenter*, 15 Mich. 25.    One consideration that seems to have influenced the decision in these cases is, that a lessee for a definite term who holds · over is technically a tenant at sufferance, and as such would be entitled to notice to quit if the words were technically taken.    We have a statute which provides that " the time agreed upon in a definite letting shall be the time of the termination thereof *for all purposes.*"    This provision has been understood as doing away with the necessity for any notice to quit, to a tenant holding over after such letting, before commencing proceedings for his ejectment. It seems to us that our true course is to give to the words, inasmuch as they are well-known technical words, their well-known technical

meaning. It appears to be the policy of our statute to secure to every person holding over after the expiration of an estate which he has rightfully come into possession of by act of party, unless he be a lessee for a definite term, a clear opportunity to leave it without suit for his ejectment, by requiring the owner or lessor to give him notice to quit as prescribed, before bringing any such suit against him.

We do not think the letter from the bank to the defendant can be treated as equivalent to a notice to quit from the plaintiff, as required by the statute. *Exceptions sustained.*

*Stephen A. Cooke, Jun.,* & *Louis L. Angell,* for plaintiff.
*Nathan W. Littlefield* & *Warren Goddard,* for defendant.