*John H. Nolan,* Attorney General, *Guillaume L. Parent,* Asst. Attorney General, for State.

*Peter W. McKiernan, John C. Going, John S. McKiernan,* for defendant.

---

### WILLIAM REGAN *vs.* FRED R. ROGERS.

#### JULY 28, 1942.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass and ejectment to recover the possession of a certain cottage in the town of Johnston. The case was heard in the superior court by a jury which returned a verdict for the plaintiff. Thereafter the trial justice denied the defendant's motion for a new trial, and the latter then duly prosecuted his bill of exceptions to this court.

It appears from the evidence that the plaintiff purchased the property in question by deed dated May 9, 1940 and recorded on May 15, 1940. The defendant had been living in said property for many years as a tenant, from month to month, of the plaintiff's grantors. On said May 9 the defendant's rent, which was at the rate of $15 per month, was considerably in arrears. On said May 15, after the plaintiff had become the owner of the property, he had his attorney write the defendant a letter bearing that date and reading as follows: "There has been a change of owner in the property occupied by you and I wish to notify you that on the first day of each and every month I shall call at your home for payment of rent to me as agent for the new owner." This letter was signed by the plaintiff's attorney.

The evidence further shows that the defendant received this letter on May 16, 1940; that he knew on the day before that the property had been sold to someone, and that he found out that it was the plaintiff who had purchased the property. In fact, it appears that by writ dated May 15,

1940 the defendant brought an action at law against one of the plaintiff's grantors in relation to the sale of the property to the plaintiff, and in said writ referred to the plaintiff by name as the purchaser of said property.

Thereafter an agent of the plaintiff visited the property several times in order to collect the rent, but he was never able to gain admittance to the house or to find the defendant there, although the latter's wife was interviewed by the agent. No rent whatever was paid to the plaintiff by the defendant who, however, continued to occupy the property without communicating with the plaintiff in any way. Finally, the plaintiff had the present writ issued on September 24, 1940, apparently relying on the fact that on said date the rent was more than fifteen days in arrears. G. L. 1938, chap. 454, § 1.

The defendant's first exception is to the refusal of the trial justice to direct a verdict in his favor at the close of the plaintiff's case. At that time the defendant had not closed his own case. The denial of such a motion under those circumstances is not open to exception. *Solomon* v. *The Shepard Co.*, 61 R. I. 332. The first exception is therefore overruled.

The defendant's second exception is to the refusal of the trial justice to grant a like motion at the close of all the evidence. The defendant contends that such evidence showed that he was either a tenant at sufferance or possibly, after receiving the letter hereinbefore set out, a tenant at will of the plaintiff. In either case under the statute he would be entitled to a notice to quit before he could be ejected. G. L. 1938, chap. 453, § 1. No such notice having been proved in the instant case the defendant maintains that the plaintiff, as a matter of law, should not prevail and that the above motion should have been granted.

The plaintiff, after purchasing the property, did not elect, as he might have, to proceed at once against the defendant as a trespasser. See *Providence County Savings Bank* v. *Hall*, 16 R. I. 154. Instead, the plaintiff permitted the defendant to remain in the property. In *Johnson* v. *Donaldson*,

17 R. I. 107, which was an action of trespass and ejectment, the court held that the defendant, who was the grantee of a mortgagor's equity of redemption, and who had entered into possession of the property before the sale thereof under the mortgage, was, after such sale, a tenant by sufferance and under our statute entitled to a notice to quit before being sued in trespass and ejectment.

At page 109 of its opinion the court uses the following language: "It appears to be the policy of our statute to secure to every person holding over after the expiration of an estate which he has rightfully come into possession of by act of party, unless he be a lessee for a definite term, a clear opportunity to leave it without suit for his ejectment, by requiring the owner or lessor to give him notice to quit as prescribed, before bringing any such suit against him." See *Taylor* v. *O'Brien*, 19 R. I. 429; *Noorigian* v. *Greenfield*, 52 R. I. 33.

The plaintiff does not question the law as set out in the above cases but contends, in substance, that it does not apply in this case because he indicated, by his letter to the defendant, that the latter was to be considered a tenant from month to month. In this connection the plaintiff argues that there is authority which holds that, under certain circumstances, the landlord may, at his option, treat a tenant holding over as a tenant by sufferance and give him a notice to quit, or may permit him to remain in the property and treat him as a tenant from month to month. See *McCrillis* v. *Benoit*, 26 R. I. 421; *Greene* v. *Walsh*, 43 R. I. 416; *Rimnik Corp.* v. *Wallace*, 61 R. I. 282. The plaintiff maintains that he chose to treat the defendant as a tenant from month to month and, therefore, did not have to give him such notice, but could rely on the fact that his rent was fifteen days in arrears as the ground for this action.

The relation of landlord and tenant is based on a contract, express or implied, between the parties. The plaintiff urges that the conduct of the defendant, following the sending of the above letter, raised a question of fact to be deter-

mined by the jury in the first instance as to whether or not he had become the plaintiff's tenant from month to month. The trial justice took this view. It may be noted, however, that in all the cases relied on by the plaintiff on this point there was some act on the part of the defendant, such as payment of at least one installment of rent, some attornment to the plaintiff, or some other act of a nature which indicated that the defendant had recognized the tenancy, although he disputed it when the case in question was tried.

In the present case the defendant never made any payment at all to the plaintiff for the occupation of the premises, and, in fact, did nothing whatever to indicate that he recognized that he was a tenant from month to month of the plaintiff. He never answered the plaintiff's letter, which, incidentally, was indefinite and lacking in important details, since it contained no reference to the nature of the tenancy which plaintiff had in mind, or the amount of rent which the defendant was expected to pay the first of each month; and he never communicated with the plaintiff in any way. These facts are undisputed. In our opinion, under the facts appearing in evidence, such letter was at best a mere offer to the defendant that thereafter the relationship between them should be on the basis of a monthly tenancy. This offer the defendant never expressly or impliedly accepted. Under this peculiar situation, we are of the opinion that a tenancy from month to month cannot be based merely on the defendant's complete silence and inaction.

Upon a consideration of all the evidence, we find that there was no question of fact which it was proper to submit to the jury, and that the trial justice was in error when he refused to direct a verdict for the defendant at the conclusion of all the evidence. In our judgment this case is governed by *Johnson* v. *Donaldson, supra,* and the cases which have followed it. We are of the opinion that the case of *McCrillis* v. *Benoit, supra,* upon which the plaintiff largely relies, is distinguishable in its facts from the instant case, and that the law as laid down in that case

should not be extended to cover such a situation as appears in the case at bar, where the defendant did nothing whatever, either expressly or by implication, to acknowledge or to give plaintiff reason to conclude that he was the plaintiff's tenant from month to month.

We hold, therefore, that, under all the facts and circumstances appearing herein, when the present action was instituted the defendant was merely a tenant by sufferance of the plaintiff, and as such under the statute was entitled to receive a notice to quit from the plaintiff. No such notice having been given to the defendant, the present action cannot, as a matter of law, be successfully maintained. The defendant's second exception is, therefore, sustained.

On October 5, 1942, the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Francis A. Manzi,* for plaintiff.

*William H. McSoley, William H. McSoley, Jr.,* for defendant.