221 A.2d 473.

EDWARD NOTARANTONIO *vs.* DAMIANO BROS. WELDING CO. INC.

JULY 6, 1966.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is an action of trespass on the case for negligence for the recovery of damages for personal injuries sustained by the plaintiff on February 17, 1961 as the result of a flash fire and explosion allegedly caused by the negligent operation of welding equipment by an employee of the defendant. The case was tried to a jury in the superior court which returned a plaintiff's verdict for $15,000 and it is here on the defendant's bill of exceptions. The only exception the defendant presses is to the decision of the trial justice denying its motion for a new trial.

The defendant argues that the trial justice overlooked and misconceived material evidence and that he did not therefore properly perform his duty when he denied the motion for a new trial. As instances of what it asserts were oversights and misconceptions defendant calls our attention to the trial justice's failure either to discuss with particularity each of the several exhibits introduced in evidence or to comment, other than by way of a general observation that there were "discrepancies in the testimony on collateral matters," on the credibility of certain witnesses whose testimony it says was impeached and should have been disregarded. Additionally, defendant refers to the trial justice's dismissal of the testimony of its president as irrele-

vant "to any of the issues" notwithstanding that officer's statement that the welder upon whose alleged negligence plaintiff's case is premised was experienced and competent.

These alleged deficiencies in his decision about which defendant complains relate to evidence which was peripheral, rather than material, to the critical issue of what caused the fire and explosion. That was the principal issue in this case and because its resolution did not turn on the evidence defendant refers to, but in part on the testimony of plaintiff and the welder and primarily on that of the experts, there was no necessity for the trial justice to quote or refer to that evidence any more exhaustively than he did. *Cavallaro* v. *Sharp*, 84 R. I. 67, 73.

We come to the question of cause which, as we have already indicated, was decisive. Two experts testified. Battalion Chief Nutini of the Providence Fire Department was called as a witness by plaintiff and he qualified on the basis of his studies in the causes of fire, chemicals, and ignition points as well as on his twenty-nine years of experience in the department. Applying his expertise to what he saw when in the performance of his official duties he arrived at the scene within an hour of the incident, his opinion was that the fire and the explosion were causally connected with the conduct of defendant's employee and that arc-welding drippings had ignited vapors which emanated from an empty lacquer-thinner drum which was in the area where that employee was engaged in welding an overhead beam. On the other hand, the welder himself, as well as David Lee VonLudwig, a consultant materials and safety engineer whose qualifications and experience the trial justice found to be "impressive" and "substantial," each took issue with Chief Nutini. Testifying for defendant, VonLudwig premised his opinion on an examination of photographs of the scene of the accident taken shortly after the occurrence and on what he observed when he inspected the site several months after the event. His opinion was that there was

no causal connection between the welding operations and the fire and explosion.

The issue of causation was one of fact. Initially it was for the jury to determine and they accepted the version of plaintiff's expert. Obviously impressed, in the opinion of the trial justice, with Chief Nutini's testimony because of "His vast experience, his presence on the spot," and "his personal examination of the premises," they gave his explanation of cause greater weight than they did that of VonLudwig who, "substantially after the event, sought to reconstruct an earlier occurrence." The jury having made their decision, it then became the obligation of the trial justice to pass judgment and in the exercise of that function he was at liberty to "choose which of the two experts to believe * * *." *Cavallaro* v. *Sharp, supra* at 74. Implicit in his finding that the verdict was "correct and * * * fully warranted on the basis of the credible evidence," is his acceptance of the testimony of the chief.

The defendant, however, contends that the trial justice's unqualified approval of the verdict should be disregarded because he misconceived and overlooked the true nature and effect of the conflicting expert testimony on the crucial issue. As a ground for that contention it urges its own "serious reservations * * * in connection with his [Chief Nutini's] qualifications as an expert on the subject of fire or explosion causation." In addition it apparently seeks support for its position by comparing what it says was the trial justice's full discussion of the testimony of plaintiff's witnesses and particularly that of Chief Nutini with what it describes as his "perfunctory" review of the testimony of the witnesses who appeared for defendant.

While defendant's reservations as to the chief's qualifications were undoubtedly argued by it initially to the jury and subsequently to the trial justice, those doubts, however serious and sincere they may be to defendant, are obviously not germane to the question of whether the trial

justice misconceived or overlooked material evidence. Moreover, its further objection that the trial justice more fully discussed the testimony of plaintiff's witnesses than he did that of defendant's is similarly unrelated to the position it urges to us and goes instead to the form of the trial justice's decision and to the manner in which he expressed the reasons for his conclusions. When it comes to those subjects, we have repeatedly said that the trial justice has a wide latitude in what he does. *Hulton* v. *Phaneuf,* 85 R. I. 406; *Chase* v. *Goyette,* 85 R. I. 469; *Clifford* v. *Tucker,* 95 R. I. 351; *Palumbo* v. *Garrott,* 95 R. I. 496; *Turgeon* v. *Rocks,* 96 R. I. 353, 191 A.2d 606. Our concern is not with the form of his decision or with his manner of expression, but with the substance of what he said, with whether he overlooked or misconceived any material evidence, and with whether he complied with our rules which required him to exercise his independent judgment in passing on the weight of the material evidence and the credibility of the witnesses and to give his reasons therefor. *McVeigh* v. *McCullough,* 96 R. I. 412, 192 A.2d 437; *Israeloff* v. *Whitehall Taxicab Co.,* 96 R. I. 231, 190 A.2d 588; *Cottrell* v. *Lally,* 94 R. I. 485; *Hamilton Co.* v. *Rosen,* 58 R. I. 35. When his decision is examined in the light of the evidence we are satisfied that it meets the requirements.

The defendant's exception to the denial of his motion for a new trial is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John Quattrocchi, Jr.,* for plaintiff.

*Jordan, Hanson & Curran, Kirk Hanson,* for defendant.