262 A.2d 636.

SAMUEL R. KYLE *vs.* PAWTUCKET REDEVELOPMENT AGENCY.

MARCH 6, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This petition filed pursuant to G. L. 1956, §45-32-34, as amended by P. L. 1964, chap. 177, sec. 1, seeks an assessment of damages for real estate taken by the respondent for redevelopment purposes. A jury in the Superior Court returned a verdict of $16,000 plus interest, and thereafter the trial justice granted the respondent's motion for a new trial. The petitioner[1] appealed, and assigns as error the trial justice's ruling on the motion for a new trial.

---

[1]The petitioner deceased prior to trial and the administratrix of his estate was substituted as party petitioner.

The only issue in the case was the fair market value of the condemned property. It consisted of a 5,460 square-foot parcel of land on which was situated a three-story frame building containing five dwelling apartments. Three real estate experts testified—one for petitioner and two for respondent. The petitioner's expert, A. H., knew of no comparable sales, and in estimating the value at $20,000, he relied solely upon a capitalization of net rental income formula. Each of the respondent's experts used an income capitalization approach as well as a comparable sales method of evaluation. One valued the property at $13,000; the other at $12,000. In deciding the motion for a new trial the trial justice, in the exercise of his independent judgment and in the light of his charge to the jury, reviewed the material testimony in the case, accepted the testimony of respondent's experts, rejected that of petitioner's expert as "not worthy of credence," and then concluded that the record purged of what had been rejected as lacking in credibility would not support the verdict.

In support of her appeal petitioner urges that the trial justice overlooked and misconceived material evidence, that he engaged in speculation, that he improperly substituted his judgment for that of the jury, and that he failed to consider the evidence in the light of his charge to the jury.[2] While she urges each of these several contentions as a separate ground of error, it is quite obvious that they all stem contextually from and, in substance, consist of a common complaint. What concerns her is that the trial justice granted a new trial on the basis of a rejection of A. H.'s testi-

---

[2]Any one of those contentions, if established in an appropriate context, would deprive a trial justice's decision on a motion for a new trial of the great weight it would otherwise receive, and would also require this court to independently examine the record in order to ascertain whether the evidence strongly preponderates against the verdict. *Landes* v. *Faella*, 106 R. I. 23, 28, 255 A.2d 724, 727; *Mahoney* v. *Smith*, 78 R. I. 56, 59-60, 78 A.2d 798, 800; *Bradley* v. *Brayton*, 61 R. I. 44, 46-47, 199 A. 741, 742.

mony, even though earlier in the trial he had accepted A. H.'s qualification as an expert, had permitted him to estimate fair market value by capitalizing net income, and had submitted to the jury the question of whether A. H.'s opinion or that of the other experts should be accepted. To follow those procedures during the course of the trial, petitioner argues, precluded the trial justice in deciding the motion for a new trial from faulting or otherwise rejecting the capitalization formula relied upon by A. H., from refusing to accept the evidentiary facts upon which it was predicated, and from exercising the right to review the jury's resolution of the conflicts between A. H.'s testimony and that of respondent's experts.

To argue as petitioner does is to claim an immunity for the expert witness and his testimony from the scrutiny which the nonexpert witness and his testimony receive. But the expert's testimony does not enjoy a preferred status either in an ordinary action for civil damages or in a condemnation case. Instead, with rare exceptions, both the expert and the nonexpert are treated alike. It is the duty of the triers of fact to examine and consider the testimony of every witness regardless of his qualifications, and to grant to particular testimony only such weight as the evidence considered as a whole and the proper inferences therefrom reasonably warrant. *Ashton* v. *Tax Assessors,* 60 R. I. 388, 396, 198 A. 786, 790; *W. C. Viall Dairy, Inc.* v. *Providence Journal Co.,* 79 R. I. 416, 419, 89 A.2d 839, 840.

This process of evaluating the witnesses and their testimony applies whether a case is tried to a jury or to a judge sitting without a jury, except that in a jury case there are two steps to the evaluation. The first step, of course, is taken by the jury as it is initially their responsibility to resolve the conflicts in the evidence and to ascertain where the truth lies. Their choices, however, are not binding upon the trial justice; and he is free to accept or reject them in whole or in part, when, in deciding a motion for a new trial,

he independently weighs the evidence and passes upon the credibility of the witnesses. As part of the evaluation process he, like the jury before him, may choose which of the witnesses, expert or nonexpert, he will believe and whether to accept all or only a part of their testimony. *Notarantonio* v. *Damiano Bros. Welding Co.,* 101 R. I. 173, 176, 221 A.2d 473, 475; *Cavallaro* v. *Sharp,* 84 R. I. 67, 74, 121 A.2d 669, 673-74.

Here, in granting a new trial, the trial justice rejected A. H.'s testimony as "not worthy of credence." To do this was well within his discretion since the witness's competency to testify as an expert did not control the trial justice when he passed upon his credibility or the weight of his testimony. This being so, our only concern is whether in the evaluation process the trial justice overlooked or misconceived any material evidence or was otherwise clearly wrong. We are not persuaded that he erred in these respects.

The petitioner's appeal is denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

*Pearlman & Pearlman, Alan H. Pearlman,* for petitioner.

*John F. Sherlock, Jr.,* for respondent.