340 A.2d 115.

VICTOR D. WALKA *vs.* FRANK BESTWICK, JR.
VICTOR D. WALKA *vs.* WILLIAM COLLINS.

JUNE 23, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review a judgment entered in the Superior Court granting the plaintiff's motion to dismiss appeals taken by the defendants to the Superior Court from judgments entered in the District Court awarding the plaintiff the sum of $286 and judgment for possession against each defendant. We granted the writ and stayed the proceedings in the Superior Court, without prejudice to the respondent's right to renew its objection to the issuance of the petition at the hearing on the merits. *Walka* v. *Bestwick*, 114 R. I. 925, 332 A.2d 135 (1975). The record certified to this court sets forth the following pertinent facts.

In June 1974 plaintiff, Victor D. Walka, filed two actions in the Fourth Division of the District Court. One was against defendant, Frank Bestwick, Jr., and the other against defendant, William Collins. The cases were consolidated for trial in the District Court. Since the facts and issues in both cases are identical, we shall treat only the case of Victor D. Walka against Frank Bestwick, Jr., with the understanding that our decision in that case will apply with equal force to the case of Victor D. Walka against William Collins.

The plaintiff's complaint, which is in three counts, alleges that he is the owner of certain real estate in South Kingstown, Rhode Island, used as a trailer park and known as Wakamo Park; that on or about May 1, 1974, plaintiff and defendant entered into an agreement under which defendant was granted a license to occupy a certain trailer space on plaintiff's land with a trailer unit for the 1974 summer season on condition that he pay plaintiff a license fee of $550 therefor on or before May 10, 1974; and that defendant has failed and refused to pay the agreed-upon license fee or any part thereof. In the first count, plaintiff demands judgment for $550 for breach of the alleged license agreement; in the second

count, plaintiff seeks judgment for $550 for the use and occupancy of the trailer space; and in the third count, plaintiff alleges that defendant is wrongfully in possession of the trailer space in question, that plaintiff is entitled to possession thereof, and demands judgment for possession of said space.

The defendant filed an answer denying the material allegations of the complaint. Additionally, defendant asserts in his "Third Defense" that he is a "year-to-year tenant"; that as such he was entitled to at least 90 days' notice of termination; and that plaintiff failed to give the required notice. Further, in his "Sixth Defense" defendant asserts that plaintiff

> "* * * intended to unlawfully terminate Defendant's tenancy as a penalty and in retaliation for Defendant's seeking to enforce his lawful rights in violation of Sections 34-20-10 and 34-20-11 of the Rhode Island General Laws of 1956 (1969 Reenactment)."

The case was tried before a judge of the District Court and resulted in the entry of a judgment for plaintiff for possession and the sum of $286. The defendant appealed from the judgment to the Superior Court, paid the statutory appeal fee totalling $70, and paid plaintiff the amount of the judgment. However, defendant failed to file the appeal bond required by G. L. 1956 (1969 Reenactment) §9-12-12.[1]

---

[1]General Laws 1956 (1969 Reenactment) §9-12-12 reads as follows:

"Appeal bond of defendant in action for possession of tenements let.— Every defendant in an action for the possession of tenements let, or held at will or by sufferance, claiming an appeal, shall, in addition to making the payments required by §9-12-10, give bond to the plaintiff, with one or more sureties satisfactory to the district court, to pay all rent or other moneys due, or which may become due pending the action under the tenancy, and such damages and costs as may be awarded against him, such bond to be filed with the clerk of the district court, or person acting as clerk, at the time of claiming an appeal."

The plaintiff filed in the Superior Court a motion to dismiss defendant's appeal for failure to file the appeal bond required by §9-12-12. The matter was heard before a justice of the Superior Court who granted the motion on the ground that the Superior Court lacked jurisdiction because of defendant's failure to file the statutory bond. Judgment was entered in accordance with the trial justice's decision. Thereafter defendant filed the instant petition for certiorari.[2]

The sole issue raised by defendant-respondent's petition is whether the trial justice erred in granting plaintiff-petitioner's motion to dismiss on the ground of respondent's failure to file the statutory bond provided for in §9-12-12. For the reasons that follow we affirm.

The respondent's first argument is that the appeal bond requirement of §9-12-12 is applicable only to certain kinds of landlord-tenant relationships and not applicable where, as here, there is a licensor-licensee relationship. We do not reach the question of the applicability of §9-12-12 to the licensor-licensee relationship since, by respondent's own assertion in his answer to the complaint, a tenancy from year to year was in existence. Consequently, an appeal bond had to be furnished in filing the appeal because of the existing landlord-tenant relationship. The filing of the bond pursuant to §9-12-12 is a jurisdictional requirement which the trial court could not waive, and the failure to file the bond divests the court of jurisdiction. *Jones* v. *Aciz,* 109 R. I. 612, 626-27, 289 A.2d 44, 52 (1972). We are not persuaded by respondent's argument that §34-20-7 is applicable in lieu of §9-12-12.

---

[2]The order filed on February 10, 1975, granting the petition for certiorari provided that respondent's "objection to the issuance of the petition for certiorari *may* be renewed." (Emphasis added.) Since respondent has not renewed his objection, we shall assume for the purposes of this case that the petition was properly granted.

The respondent next argues that, even assuming that §9-12-12 is applicable, the burden was on the District Court judge to set §9-12-12 in motion by requiring such an appeal bond. There is no merit to this argument; it runs counter to the long-standing and firmly established practice that it is incumbent upon the party required to furnish a bond to secure the necessary court approval. *See Clapp* v. *Freeman*, 17 R. I. 384, 22 A. 1022 (1891).

The respondent further argues that dismissal was improper since the spirit of §9-12-12 was fully satisfied by respondent's payment of the amount adjudged to be the yearly rent. Hence, he argues, a surety was superfluous since he did in essence what surety was designed to do. This interpretation of the provision misstates the full import of the statute, which reads that the bond requirement is imposed to secure "other moneys due * * * and such damages and costs as may be awarded." The amount of potential liability usually cannot be determined at the stage of the proceedings where appeal is pending in the Superior Court. Clearly, there are other moneys which might become due where, as here, further sums are claimed by petitioner.

Finally respondent argues that §9-12-12 violates his rights under the fourteenth amendment to the United States Constitution and art. I, §5 of the Rhode Island Constitution. The holding in *Jones* v. *Aciz, supra,* disposes of the constitutional arguments made by respondent. *Id.* at 633, 289 A.2d at 55-56.

We find no merit in the respondent's argument that it is unreasonable to require an appellant to procure surety on a bond within 6 hours after judgment is entered. Nor do we find any merit in the respondent's contention that §9-12-12 is constitutionally vague. The language of §9-12-12 is clear and unambiguous.

The petition for certiorari is denied and dismissed, the

writ heretofore issued is quashed, the stay heretofore granted is vacated, and the record certified to this court is ordered returned to the Superior Court with our decision endorsed thereon.

Petition to reargue denied.

*Letts, Quinn & Licht, Daniel J. Murray, Jerome B. Spunt,* for plaintiff-respondent.

*Alan H. Pearlman,* for defendants-petitioners.