M. P. No. 78-249. PETER D. RAPTAKIS *et ux. v.* HORATIO L. CHASE *et al. d/b/a* THREE STARS RESTAURANT AND LOUNGE. This is an appeal by the defendants from a judgment entered in the Superior Court granting the plaintiffs'

motion to dismiss an appeal taken by the defendants from a judgment entered in the District Court awarding the plaintiffs possession of a restaurant and cocktail lounge situated in the town of Coventry.

The District Court judgment was entered after plaintiffs had proved that defendants had breached their lease. The Superior Court dismissal order was premised on defendants' failure to file the appeal bond required by G.L. 1956 (1969 Reenactment) §9-12-12. This statute in its pertinent provision stipulates:

> "Every defendant in an action for the possession of tenements let, or held at will or by sufferance, claiming an appeal, shall * * * give bond to the plaintiff, with one or more sureties satisfactory to the district court, to pay all rent or other moneys due, or which may become due pending the action under the tenancy, and such damages and costs as may be awarded against him, such bond to be filed with the clerk of the district court, or person acting as clerk, at the time of claiming an appeal."

The plaintiffs, acting pursuant to our Rule 16(g), have asked that we summarily affirm the Superior Court's dismissal of defendants' appeal because the decisive issue in this controversy is "clearly controlled by settled Rhode Island law." In taking this position, plaintiffs point to our past pronouncements, which have held that (1) failure to file a §9-12-12 bond divests the Superior Court of jurisdiction to hear the appeal and (2) it is incumbent upon the tenant to file the bond and secure the requisite judicial approval thereof. *Walka* v. *Bestwick*, 115 R.I. 38, 340 A.2d 115 (1975); *Jones* v. *Aciz*, 109 R.I. 612, 289 A.2d 44 (1972).

Oral arguments were heard on this motion, and it is our belief that the principles to which we have just alluded are controlling.

Consequently, the plaintiffs' motion to affirm is granted,

the defendants' appeal is denied and dismissed, and the judgment appealed from is affirmed. *Leo T. Connors,* for plaintiffs. *Paul A. Anderson,* for defendants.