**William H. HEBDEN et al.**

v.

**Robert ANTONIAN, et al.**

**No. 86–355–Appeal.**

Supreme Court of Rhode Island.

Dec. 24, 1986.

Robert J. Ameen, Pawtucket, for plaintiff.

Robert Antonian, pro se.

OPINION

PER CURIAM.

This trespass and ejectment action originated in District Court wherein the defendants were ordered to vacate certain premises, which they previously owned, following a mortgage-foreclosure sale to the plaintiffs. The defendants appealed the eviction judgment to Superior Court but failed to post an appeal bond as mandated in G.L. 1956 (1985 Reenactment) § 9–12–12. The Superior Court dismissed the defendants' appeal on this basis, and the defendants' appeal to this court followed.

On August 20, 1986, plaintiffs filed a motion to dismiss defendants' appeal to this court claiming that the Superior Court's dismissal of defendants' appeal for failure to file an appeal bond was clearly correct and controlled by settled Rhode Island law. On September 18, 1986, consideration of this motion was deferred by a three-member panel of this court pending the filing of memoranda by both parties, who were directed to address the issue of "whether the District Court had jurisdiction to entertain a trespass and ejection action * * * where the occupant to be evicted is the former owner of the premises who continues to reside therein following a change in ownership through foreclosure proceedings." On November 20, 1986, defendants were ordered to appear and show cause why the plaintiffs' motion to dismiss should not be summarily granted.

After reviewing memoranda and hearing arguments of parties pursuant to this order, it is the conclusion of this court that defendants have not shown cause.

Our case law clearly holds that a mortgagor in possession following a foreclosure sale is a tenant at sufferance. *Johnson v. Donaldson,* 17 R.I. 107, 108, 20 A. 242, 243 (1890); *see also Regan v. Rogers,* 68 R.I. 319, 323, 27 A.2d 302, 304 (1942). Under G.L.1956 (1985 Reenactment) § 8–8–3(2), an action to evict such a tenant is clearly within the exclusive original jurisdiction of the District Court. The

District Court's exercise of original jurisdiction over this matter was therefore proper, and appeal to the Superior Court defendants' appropriate "next step."

 Under § 9–12–12, however, "[e]very defendant in an action for the possession of tenements let or held at will or by sufference, claiming an appeal, shall * * * give bond to the plaintiff * * to pay all rent or other moneys due, or which may become due pending the action under the tenancy, and such damages and costs as may be awarded against him, such bond to be filed with the clerk of the district court * * * at the time of claiming an appeal."

Our cases interpreting § 9–12–12 clearly hold that the tenant's failure to post an appeal bond in such an action "divests the Superior Court of jurisdiction to hear the appeal." *Raptakis v. Chase,* 120 R.I. 1009, 1010, 392 A.2d 932, 932 (1978). *See also Walka v. Bestwick,* 115 R.I. 38, 340 A.2d 115 (1975); *Jones v. Aciz,* 109 R.I. 612, 289 A.2d 44 (1972).

The defendant Robert Antonian's contention at oral argument that he was not aware that he had to post an appeal bond is contradicted by his own affidavit of June 10, 1986 to the effect that he was notified by a clerk in the District Court Clerk's Office of the need to post a bond and of the uncertain future of the appeal if the bond did not accompany it. Although the order issued by the District Court granting the plaintiffs possession does not mention an appeal bond, the entry of that judgment on the court docket on May 19, 1986 specifically notes that a bond of $7,000 would be required. Antonian's challenge to the validity of the foreclosure itself based on full payment of the mortgage, although not strictly before this court for review, is also without merit since the check he allegedly sent to the mortgagee was an invalid instrument, thus of no legal significance.

Consequently, the plaintiffs' motion to dismiss the defendants' appeal to this court is granted, the judgment of the Superior Court dismissing the defendants' appeal to that court is affirmed, and the papers in the case are remanded to the District Court for further proceedings consistent with this opinion.

FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ., concurring.