[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before the Court on motion by Consumers' Moving Company (hereinafter defendants) to dismiss the plaintiffs' Carlo Barbara Cioffi, request for a writ of replevin. In response to the above, the plaintiffs move this Court to strike defendant's motion to dismiss and, further, to grant plaintiffs' request for replevin based on the pleadings. Jurisdiction in this Superior Court is pursuant to R.C.P. 12(b)(6) and 12(c).
On November 16, 1990, Old Stone Bank was awarded judgment by the District Court for possession of the plaintiffs' condominium located at 43 Bagy Wrinkle Cove, Warren, R.I. In addition, the court awarded $4,875 use and occupancy costs to Old Stone Bank. In order to appeal, the plaintiffs' were ordered by the court, Thompson, J., to post a $23,400 surety bond. Instead of posting the bond and filing the appeal, the plaintiff's sought a Writ of Mandamus in the Superior Court on December 21, 1990. On March 12, 1991 it was dismissed by Judge Needham.
Plaintiffs are now requesting that this Court grant a writ of replevin for goods taken by Consumers' Moving Company pursuant to the aforementioned foreclosure action. The plaintiffs claim that the District Court's decision is invalid and, therefore, defendant's possession of their goods pursuant to said decision is likewise invalid.
The plaintiffs have disputed the basis for said decision because they claim that the district court lacked the requisite jurisdiction. However, an action to evict a tenant is clearly within the exclusive original jurisdiction of the District Court.Hebden v. Antonian, 518 A.2d 1362, 1363 (R.I. 1986). Jurisdiction to grant Old Stone Bank's action for eviction was plainly vested in the District Court pursuant to R.I.G.L. §8-8-3(2) which states:
 [T]he district court shall have exclusive original jurisdiction of: (2) all actions between landlords and tenants pursuant to Chapter 18 of Title 34 entitled "Residential Landlord and Tenant Act" and all other actions for possession of premises and estates . . .
Further, plaintiffs have asserted that even if the District Court's decision on the eviction action is valid, this Court must nonetheless rule on whether the taking of their goods is valid as a separate action. Since the goods were taken by defendants pursuant to the execution of eviction, the propriety of said taking is an issue arising out of the validity of the eviction decision. Because the eviction issue has been litigated on its merits in the District Court, this Court will not hear the same as an original action but only on an appeal. A verdict rendered on the first case is not only conclusive regarding issues that were actually determined but also precludes reconsideration of all other issues that might have been raised in the original litigation. Estate of Bassett v. Stone, et al, 458 A.2d 1078, 1080 (R.I. 1983).
In order for an appeal to be heard by this Court, the District Court ruled that it would be necessary for the plaintiffs to post bond with surety. According to R.I.G.L. 1956 (1985 Reenactment as amended) § 9-12-12:
 Every defendant in an action for the possession of commercial or other tenements let or held at will or sufferance, other than actions pursuant to Chapter 18 of Title 34 entitled the "Residential Landlord Tenant Act" claiming an appeal, shall, in addition to making the payments required by § 9-12-10, give bond to the plaintiff with one or more sureties satisfactory to the district court . . . at the time of claiming an appeal.
Asserting that they are tenants by sufferance within the Residential Landlord and Tenant Act the plaintiffs contend that §9-12-12 does not apply to the instant case.
This Court does not contest the classification of the plaintiffs' as tenants by sufferance. A tenant who remains after being given notice of the termination of his tenancy and being ordered off the premises becomes either a trespasser or a tenant at sufferance. Ucci v. Mancini, 115 R.I. 182, 344 A.2d 367, 370 (1975). However, this Court rejects the plaintiffs' argument that the provisions of the Residential Landlord and Tenant Act are applicable to them. According to R.I.G.L. § 34-18-7, in order for the above to apply, a rental agreement between Old Stone Bank and the plaintiffs would have to exist. There is no evidence before this Court that such a document exists. Without such an agreement, the arrangement between the parties is explicitly excluded from the Residential Landlord and Tenants Act by §34-18-8(7). Therefore, a bond is required for this Court to hear an appeal.
Additionally, the plaintiffs have requested this Court issue a judgment in their favor on the pleadings. When a motion for a judgment on the pleadings is made, such a motion is normally an attack on the sufficiency of the complaint. Swanson v. SpeidelCorp., 110 R.I. 335, 293 A.2d 307, 309 (1972). No complaint will be deemed insufficient unless it is clear beyond a reasonable doubt that plaintiff will be unable to prove his right to relief.
Consumers' Moving Company has adequately responded to the complaint. These defendants explained that by taking and possessing the plaintiffs' goods, they were acting pursuant to their contractual duty with the constable under an order of the court. This Court is satisfied that the above is sufficient to support the position of the defendants and to deny the plaintiffs' request for judgment on the pleadings.
Further, the defendant's have moved for a dismissal of the action. In ruling on a motion to dismiss, the court should not grant the motion unless it appears beyond a reasonable doubt that plaintiff would not be entitled to any relief no matter what set of facts could be proved in support of his claim. Goldstein v.R.I. Hospital Trust Nat. Bank, 110 R.I. 580, 296 A.2d 112, 115 (1972). In essence, there must be some insuperable bar to relief for dismissal to be granted. Id. In the instant case, the taking of the plaintiffs' goods arose out of the eviction action previously litigated. Therefore, as res judicata bars this Court from hearing the issue as an original action, the plaintiffs must file an appeal. In order to file said appeal, a bond with surety must be posted.
For the reasons set forth herein, this Court denies plaintiffs' request for judgment in their favor on the pleadings and grants defendants' motion to dismiss.
Counsel shall prepare an appropriate judgment for entry.