DECISION
Before the Court is the appeal from a District Court decision ordering Deborah Silva ("Defendant") to vacate the premises located at 33 River Avenue, East Providence, Rhode Island, plus pay damages in the amount of $1,193.55 in rental monies, interest and costs. On appeal, Defendant moves to dismiss the complaint arguing that she received no notice of the continued sales date, that service of process was insufficient, and that the opinion of Plaintiff's expert as to the fair rental value of the subject premises must be rejected. Jurisdiction in this Court is pursuant to G.L. 1956 (1985 Reenactment) § 9-12-10.
FACTS/TRAVEL
On November 30, 1988, Plaintiff, the owner of real property located at 33 River Avenue, East Providence, Rhode Island, granted a mortgage to Defendant in return for a promissory note in the amount of $110,000. Thereafter, Defendant defaulted on her contractual payment obligations. In response, Plaintiff exercised its power of sale contained in the mortgage note. Notice was mailed by regular and certified mail to Defendant on October 14, 1994 informing her that a foreclosure sale was to take place on December 12, 1994; such notice was also published in theProvidence Journal. Notice of the continuance and of the adjournment of said sale was not given personally to Defendant but rather was published in the Providence Journal on December 15, 1994. At such foreclosure sale, the Plaintiff was the only bidder for the premises. Thereafter, a statutory form of Foreclosure Deed conveying the premises to Plaintiff, as the buyer, was duly recorded. On January 6, 1995, the plaintiff notified the Defendant of the change of ownership of the premises and gave notice to vacate by January 12, 1995. The Defendant refused, and continues to refuse to vacate.
Consequently, Plaintiff commenced trespass and ejectment proceedings in the Sixth Division District Court against Defendant in January, 1995. On March 3, 1995, judgment was entered for the Plaintiff for possession of the premises, damages in the amount of $1,193.00, and interest and costs. The District Court further ordered that in the event of an appeal, the Defendant was ordered to pay rent in the amount of $500.00 per month, first payment due March 9, 1995. Defendant timely appealed the decision.
NOTICE OF ADJOURNMENT AND CONTINUANCE
Defendant first argues that while she did receive personal notice of the original foreclosure sale scheduled for December 12, 1994, she was not given personal notice of the adjournment and continuance of said sale. As such, she contends that the foreclosure sale was invalid.
When construing statutory provisions, this Court is bound to ascertain the intent of the Legislature and to effectuate that intent whenever it is lawful and within legislative competence.Vaudreuil v. Nelson Engineering Construction Co., Inc.,399 A.2d 1220, 1222 (1979); See also Beaufort v. Warwick CreditUnion, 437 A.2d 1275, 1377 (1981). When a statute is unambiguous, however, and does not contradict an evident legislative purpose, there is no room for statutory construction.Vaudreuil v. Nelson Engineering Construction Co., Inc., 399 A.2d at 1222. In such a situation, the import of the statute will not be extended. Id. Furthermore, with respect to foreclosures, it is a delicate matter to interfere with a sale when the mortgagee in foreclosing has acted within the letter of his power. Anderson v. Anderson, 107 R.I. 202, 266 A.2d 56, 59 (1970).
The statutory power of sale set out in R.I.G.L. § 34-11-22
provides that when a default is made by a mortgagor, the mortgagee may sell the property pursuant to the terms of the statute. Notice of such sale must be given:
 [F]irst by mailing written notice of the time and place of sale by certified mail, return receipt requested, to the mortgagor, at his or her or its last known address, at least twenty (20) days prior to first publishing said notice, including the day of such mailing in the computation; second, by publishing the same at least once each week for three (3) successive weeks in a public newspaper published daily in the city in which the mortgaged premises are situated . . .
R.I.G.L. § 34-11-22. Furthermore, the power of adjournment is also given in said statute "provided that publishing of the notice shall be continued, together with a notice of adjournment or adjournments, at least once each week." R.I.G.L. § 34-11-22. The unambiguous language of the statute requires a mortgagee to give both personal notice and published notice of the original mortgage foreclosure sale to the mortgagor while only published notice of the adjournment and/or the continuance. This Court notes that R.I.G.L. § 31-11-22 was revised by the Legislature in 1984 at which time the personal notice provision relating to the original mortgage foreclosure sale was added while the adjournment provision remained unchanged. See R.I.G.L. (1984 Reenactment) § 31-11-22; See also R.I.G.L. (1956 Reenactment) § 31-11-22. This Court may not now extend the import of this statute in a way in which the Rhode Island Legislature refused to in the most recent reenactment of said statute.
Plaintiff mailed Defendant a copy of the notice of the foreclosure dated October 14, 1994 by certified mail which was subsequently returned with a November 2, 1994 post office stamp. Further, notice of the mortgagee's sale appeared in theProvidence Journal Bulletin on November 17, November 24, December 1, and December 8, 1994. The notice of adjournment and continuance was then published on December 15, 1994 in theProvidence Journal Bulletin. The continued sale took place on December 19, 1994. Consequently, plaintiff notified the Defendant of the original sale and of the adjournment and continuance pursuant to the terms of R.I.G.L. § 31-11-22 and, as such, notice to Defendant of the foreclosure was not defective.
JURISDICTION
Defendant next argues that Plaintiff's complaint should be dismissed on the grounds of insufficiency of process. Defendant contends that the summons she received was issued pursuant to R.I.G.L. § 31-18-1, a statute which only applies where a rental agreement exists, and she should have been served pursuant to R.I.G.L. § 31-18.1-1, which covers all commercial leases and other estates. Conversely, Plaintiff argues that regardless of the form of the summons, the Defendant was properly advised of the nature of the controversy and the relief sought and as such the matter should not be dismissed on this ground. The parties' reliance on both statutes is misplaced since neither controls in the present situation.
The language of R.I.G.L. § 34-18-7 clearly states that said chapter applies only where a rental agreement exists. See
R.I.G.L. § 34-18-7. As Defendant was holding over after a mortgagee sale, there was no rental agreement and R.I.G.L. §34-18-7 is not applicable.
The Rhode Island Supreme Court has held that a mortgagor in possession following a foreclosure sale is a tenant at sufferance. Hebden v. Antonian, 518 A.2d 1362 (R.I. 1986);Johnson v. Donaldson, 17 R.I. 107, 108, 20 A. 242, 243 (1890). In the case at bar, the District Court has exclusive original jurisdiction of an action to evict a tenant at sufferance holding over after a foreclosure sale pursuant to R.I.G.L. § 8-8-3 (2), not pursuant to § 31-18-7 as the parties assert. An appeal of such a decision to the Superior Court would then be pursuant to R.I.G.L. § 9-12-10 as a trial de novo. See R.I.G.L. § 9-12-10. See Oaks v. District Court, 631 F. Supp. 538 (D.R.I. 1986). Accordingly, the case at bar is properly before this Court as an eviction action. Further, this Court finds that Plaintiff's complaint was general enough to encompass a common law eviction action of Defendant as a tenant at sufferance and that it sufficiently informed her of the nature of the actions.[1] All that is required is that the complaint give the opposing party fair and adequate notice of the type of claim being asserted.Haley v. Town of Lincoln, 611 A.2d 845 (R.I. 1992).
Defendant's assertion that Plaintiff's complaint should be dismissed on the grounds of insufficiency of service of process is without merit. The defense of insufficiency of service of process may be made in a responsive pleading or a motion. R. Civ. P. 12(b). However, this defense is waived if not asserted at such point. R. Civ. P. 12(h). As the Defendant did not comply with this rule, she has waived this defense.
EXPERT TESTIMONY
Defendant next argues that the testimony of Plaintiff's expert witness as to a reasonable rental value of between $650.00 and $800.00 for the premises should be disregarded because he described the color of the house as "blue" rather than "brown," the latter being the actual color. Defendant surmises that Plaintiff's expert's appraisal was based on the wrong house. Conversely, Plaintiff argues that its expert appraised the correct house and such description of the color was a mere misstatement which should be viewed within the otherwise accurate description of the house. And regardless of this, Plaintiff argues that such inconsistency should only go to the weight of the evidence and not to the competency of the testimony.
Inconsistencies in a witness' testimony do not preclude the fact finder from accepting his or her testimony as credible and since credibility is purely a factual issue, the trier of fact can pick and choose from a witness' entire testimony that portion found worthy of belief or reject all testimony as incredible.Madeira v. Pawtucket Housing Authority, 105 R.I. 511,253 A.2d 237 (1969). An expert's opinion must be predicated upon facts legally sufficient to form a basis for his or her conclusion.Gorham v. Public Building Authority, 612 A.2d 708 (R.I. 1992). Any inconsistencies and concessions elicited during cross-examination of an expert affect only the weight that trial justice might give expert's testimony, not its admissibility.Greco v. Mancini, 476 A.2d 522 (R.I. 1986). It is the duty of the trier of fact to examine and consider testimony of every witness regardless of his qualifications and to grant particular testimony only such weight as the evidence considered as a whole and the proper inference therefrom reasonably warrant. Kyle v.Pawtucket Redevelopment Agency, 106 R.I. 670, 262 A.2d 636
(1970).
Plaintiff's expert witness testified as to what the fair rental value of a two-story house in a desirable section of East Providence would be. And while the expert misstated the color of Defendant's house, such a misstatement goes only to credibility and does not, in an of itself, require the Court to completely disregard such testimony. This Court is satisfied that Plaintiff's expert's testimony otherwise accurately described the house and as such his assessment of the fair rental value may and will be considered by this Court in determining damages. Cf.Murray v. Schillace, No. 93-291-A (R.I., filed May 24, 1995). Defendant's additional argument that such evidence proves that the wrong house was foreclosed upon is without merit.
CONCLUSION
For the foregoing reasons, this Court denies Defendant's Motion to Dismiss for Improper Notice and Motion to Dismiss for Insufficiency of Service of Process. This Court further finds that Plaintiff is entitled to possession of the premises at 33 River Avenue, East Providence, Rhode Island, plus the amount of $650 per month from the date of foreclosure to the present date which represents the premises' reasonable rental value during that period, plus interest and costs.
Counsel shall prepare the appropriate judgment for entry.
[1] Regardless of the fact that the form used by Plaintiff in the District Court action cited the Residential Landlord Tenant Act, which as stated above is not applicable here, that summons sufficiently informed Defendant of the nature of the action and the remedies sought.