AMENDED DECISION
Before the Court is the appeal from a judgment of the District Court ordering Donald and Elaine Maltezos ("Defendants") to pay GE Capital Asset Management ("GE Capital") $15,950.00 in rental monies. On appeal, Defendants move to dismiss the case for lack of subject matter jurisdiction. In addition, GE Capital moves to dismiss Defendants' appeal based on Defendants' failure to pay rent during the pendency of this appeal, as required by G.L. 1956 (1984 Reenactment) § 34-18-53.
The undisputed facts of this action are as follows. Defendants, the owners of real property located at 860 Plainfield Pike in Coventry, Rhode Island, granted a mortgage to People's Bank as security for a promissory note executed in favor of People's. This note was later acquired by Connecticut National Bank d/b/a Shawmut Bank of Rhode Island ("Shawmut"). Thereafter, Defendants defaulted on their payment obligations, and Shawmut accelerated the indebtedness on the note. On October 1, 1992, a foreclosure sale was held at which GTT Corp., a Connecticut Corporation, purchased the subject property. GTT later conveyed the property to GE Capital on or about December 18, 1992.
After the foreclosure sale, Defendants failed to vacate the property and GTT Corp., who owned the property at the time, commenced an eviction action against Defendants pursuant to the Rhode Island Residential Landlord and Tenant Act, G.L. 1956 (1984 Reenactment) § 34-18-1, et. seq., as amended. During the pendency of this action, however, GTT sold the subject property to GE Capital. Since GTT no longer had standing to sue for eviction, the District Court action was dismissed.
As the new owner, GE Capital served Defendants with a document titled "Notice of Termination of Tenancy" on July 28, 1993. This notice gave Defendants thirty (30) days to vacate the subject property. As Defendants made no move to vacate the premises, GE Capital filed an action, under G.L. § 34-18-38 of the Residential Landlord and Tenant Act, in the District Court in October, 1993 seeking possession of the property and fair rental value covering the time of Defendants' occupancy.
After a September 26, 1994 District Court trial, judgment was entered in GE Capital's favor granting it $15,950.00 in rental monies and possession of the premises. The District Court also ordered Defendants to pay $750.00 per month to GE Capital during any appeal. After a timely appeal to this Court, GE Capital amended its complaint to include a second count alleging that Defendants are tenants at sufferance which entitles GE Capital to possession of the property and damages equal to the fair rental value.
Defendants' Motion to Dismiss for Lack of Subject MatterJurisdiction
Defendants argue that Count I of GE Capital's complaint should be dismissed. Under Count I, GE Capital seeks possession and rent pursuant to the Residential Landlord and Tenant Act, R.I.G.L 1956 (1984 Reenactment) § 34-18-1, et seq. Defendants aver, however, that the Act does not apply to the facts in the case at bar. Specifically, Defendants state that an agreement must exist between the parties for the Residential Landlord and Tenant Act to apply and no such agreement exists. G.L. 1956 (1984 Reenactment) § 34-18-7 of the Residential Landlord and Tenant Act states that
 [t]his chapter applies to, regulates and determines rights, obligations, and remedies under a rental agreement, wherever made, for a dwelling unit located within this state. (emphasis added)
The term "rental agreement" is defined by the Act as "all agreements, written or oral and valid rules and regulations adopted under 34-18-25 embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premises and also includes any terms required by law." G.L. §34-18-11(14). In the instant matter, it is undisputed that there exists no express agreement, written or oral, adopting the terms of occupancy between the parties. Since no agreement is found, this Court finds that the Residential Landlord and Tenant Act does not apply to this case. Accordingly, Defendants motion to dismiss Count I of GE Capital's complaint is granted.
After Defendants appealed this matter to the Superior Court, GE Capital amended its complaint to include a second count alleging that Defendants are tenants at sufferance and that GE Capital is entitled to possession of the property and compensatory damages equal to the fair rental value of the premises. Our case law holds that a mortgagor in possession following a foreclosure sale is a tenant at sufferance. Hebdenv. Antonian, 518 A.2d 1362 (R.I. 1986); Johnson v. Donaldson,17 R.I. 107, 108, 20 A. 242, 243 (1890). Pursuant to G.L. 1956 (1985 Reenactment) § 8-8-3, not § 34-18.1-1 as Defendants incorrectly argue, an action to evict such a tenant is clearly within the exclusive original jurisdiction of the District Court.Hebden at 1362. In the case at bar, however, the intervening appeal has removed the action to this Court for a trial de novo on all questions of law and fact, including this new theory of recovery G.L. 1956 (1985 Reenactment) § 9-12-10.1; R.C.P. 81(b) and R.C.P. 15. Accordingly as GE Capital has with their amendment stated a claim for which relief can be granted, Defendants' motion to dismiss as to Count II, which is now before this Court, must and is denied.
Plaintiff's Motion to Dismiss Defendants' Appeal
GE Capital further moves this Court to dismiss Defendants' appeal based on G.L. 1956 (1984 Reenactment) §§ 34-18-52,34-18-53, which states that tenants appealing from judgments under the Residential Landlord and Tenant Act must pay rents promptly during the pendency of their appeal or risk dismissal of their appeal. As this Court has decided that the Residential Landlord and Tenant Act does not apply to the case at bar, GE Capital's motion is denied.
For the foregoing reasons, this Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction as to Count I, denies Defendants' motion to dismiss for lack of subject matter jurisdiction as to Count II, and denies GE Capital's motion to dismiss pursuant to G.L. 1956 (1984 Reenactment) §34-18-53.
Counsel shall submit the appropriate order for entry.