DECISION
Black's Law Dictionary defines a transitory action as one "that can be brought in any venue where the defendant can be personally served with process." Black's Law Dictionary 34 (8th ed. 2004). Furthermore, transitory actions are "universally founded on the supposed violation of rights which, in contemplation of the law, have no locality."Id. (quoting 92 C.J.S. Venue § 8, at 678-79 (1955)). Thus, a transitory action exists as opposed to a local action, which Black's defines as one "that can be brought only in the jurisdiction where the cause of action arose, as when the action's subject mater is a piece of real property."Id. at 33.
Rhode Island courts have long held that contract actions are transitory actions. See Bowden v. Ide, 48 R.I. 441, 445, 138 A. 190, 191
(1927) ("The action is based on contract and is therefore transitory."). Rhode Island courts have also held that a lease of real property is, as a matter of law, a contract. See, e.g., Regan v. Rogers, 68 R.I. 319,322, 27 A.2d 302, 304 (1942) ("The relation of landlord and tenant is based on a contract, express or implied, between the parties.");Abbenante v. Giampietro, 75 R.I. 349, 352, 66 A.2d 501, 502 (1949) (same); J.R.P. Assocs. v. Bess Eaton Donut Flour Co., No. 94-0210, 1998 R.I. Super. LEXIS 55, * 2-3 (June 22, 1998) ("A commercial lease negotiated by a landlord and tenant is a contract. . . ."). Therefore, to complete the syllogism, actions disputing the terms of a lease are transitory, not *Page 2 
local, actions.
Defendant's motion to dismiss for improper venue is accordingly denied and its alternative motion, to change venue, is likewise denied.